GREENSPOON MARDER LLP
BETH-ANN KRIMSKY (*pro hac vice admission*)
beth-ann.krimsky@gmlaw.com
LAWREN A. ZANN (*pro hac vice admission*)
lawren.zann@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954.527.2427
Facsimile: 954.333.4027

NOSSAMAN LLP
JAMES H. VORHIS (SBN 245034)
jvorhis@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:    415.398.3600
Facsimile:     415.398.2438

Attorneys for Defendant TOTAL MERCHANT SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOTAL MERCHANT SERVICES, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No: 3:19-cv-05711<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>Date Action Filed: September 11, 2019 |

Defendant, Total Merchant Services, LLC ("TMS"), through its undersigned counsel, hereby responds to the Complaint (Dkt. 1) filed by Plaintiff, Abante Rooter and Plumbing, Inc. ("Plaintiff"), as follows:

1. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS only admits Plaintiff has brought what it seeks to be a class action lawsuit seeking damages, but denies the remaining legal conclusions and arguments along with any factual allegations that may be contained in this paragraph. TMS further denies that any of its activity caused injury to Plaintiff and denies Plaintiff is entitled to recover any purported damages.

**PARTIES**

2. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the allegations.

3. TMS admits it is a Delaware limited liability company conducting business in the state of California and elsewhere within the United States.

**JURISDICTION & VENUE**

4. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

5. TMS admits it is registered to do business in, and maintains a place of business in, the state of California. The remainder of this paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

6. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

7. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

**COMMON ALLEGATIONS OF FACT**

8. TMS denies Plaintiff's characterization of its business.

9. TMS admits it "is a registered ISO/MSP of Wells Fargo Bank, N.A." TMS admits "ISO" is an acronym for "Independent Sales Organization" and "MSP" is an acronym for "Member Service Provider."

10. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore, denies the allegations.

11. TMS denies the vague allegations contained in this paragraph.

12. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with the factual allegations contained in this paragraph.

13. TMS denies the allegations contained in this paragraph.

14. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with the factual allegations contained in this paragraph.

15. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS states the authority cited in this paragraph is the best evidence of its contents, and to the extent Plaintiff mischaracterizes, misquotes, misstates, or takes out of context the language contained therein, TMS denies the proposition for which such authority is cited for support.

16. TMS denies the allegations contained in this paragraph.

17. TMS denies the allegations contained in this paragraph.

18. TMS denies the allegations contained in this paragraph.

19. TMS denies the allegations contained in this paragraph.

20. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

21. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

22. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

23. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

24. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

25. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

26. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

27. TMS denies the allegations contained in this paragraph.

28. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

29. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

30. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

31. TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

32. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with the factual allegations contained in this paragraph.

33. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

34. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal

conclusions and arguments contained in this paragraph.

35. TMS denies the allegations contained in this paragraph.

36. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS states the authority cited in this paragraph is the best evidence of its contents, and to the extent Plaintiff mischaracterizes, misquotes, misstates, or takes out of context the language contained therein, TMS denies the proposition for which such authority is cited for support.

37. TMS admits Plaintiff seeks monetary damages and injunctive relief, but denies Plaintiff is entitled to any damages or other relief whatsoever.

**CLASS ACTION ALLEGATIONS**

38. TMS admits Plaintiff seeks to represent three (3) proposed nationwide classes, but denies any of the classes are appropriate.

39. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

40. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

41. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

42. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

43. This paragraph, including all subparts, contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be

contained in this paragraph, including all subparts.

44. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required.  To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

45. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required.  To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

46. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required.  To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.  TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore denies the allegations.

47. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required.  To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

48. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required.  To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

49. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required.  To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

50. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required.  To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

51. TMS admits the allegations contained in this paragraph.  Specifically, TMS

admits it received a release concerning telephonic activity up to and including June 8, 2018.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, et seq.)**
**(On Behalf of Plaintiff and the No Consent ATDS Class)**

52. TMS incorporates its responses to paragraphs 1 through 51 as if fully set forth herein.

53. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

54. TMS denies the allegation contained in this paragraph.

55. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

56. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

57. TMS admits Plaintiff alleges two (2) of his cellular telephones received four (4) total telephone calls on the following dates: November 5, 2018; November 12, 2018; November 14, 2018, and June 24, 2019. TMS denies the remaining allegations contained in this paragraph.

58. TMS admits Plaintiff alleges his third cellular telephones received one (1) telephone call on March 22, 2019. TMS denies the remaining allegations contained in this paragraph.

59. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

60. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, et seq.)**
**(On Behalf of Plaintiff and the Stop Calling Subclass)**

61. TMS incorporates its responses to paragraphs 1 through 60 as if fully set forth herein.

62. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with the factual allegations contained in this paragraph.

63. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with the factual allegations contained in this paragraph.

64. TMS denies the allegations contained in this paragraph.

65. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

66. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

67. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

68. This paragraph contains legal conclusions and arguments to which no responsive

pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

69. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

70. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

71. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

72. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, et seq.)**
**(On Behalf of Plaintiff and the DNC Registry Class)**

73. TMS incorporates its responses to paragraphs 1 through 72 as if fully set forth herein.

74. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS states the authority cited in this paragraph is the best evidence of its contents, and to the extent Plaintiff mischaracterizes, misquotes, misstates, or takes out of context the language contained therein, TMS denies the proposition for which such authority is cited for support.

75. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS states the authority

cited in this paragraph is the best evidence of its contents, and to the extent Plaintiff mischaracterizes, misquotes, misstates, or takes out of context the language contained therein, TMS denies the proposition for which such authority is cited for support.

76. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS states the authority cited in this paragraph is the best evidence of its contents, and to the extent Plaintiff mischaracterizes, misquotes, misstates, or takes out of context the language contained therein, TMS denies the proposition for which such authority is cited for support.

77. This paragraph, including all subparts, contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS states the authority cited in this paragraph is the best evidence of its contents, and to the extent Plaintiff mischaracterizes, misquotes, misstates, or takes out of context the language contained therein, TMS denies the proposition for which such authority is cited for support.

78. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with the factual allegations contained in this paragraph.

79. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

80. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

81. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with the factual allegations contained in this paragraph.

82. This paragraph contains legal conclusions and arguments to which no responsive

pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

83. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

84. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments along with any factual allegations that may be contained in this paragraph.

85. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

86. This paragraph contains legal conclusions and arguments to which no responsive pleadings are capable or required. To the extent a response is required, TMS denies the legal conclusions and arguments contained in this paragraph.

In response to the un-numbered paragraph following paragraph 86, TMS denies Plaintiff or the putative nationwide classes are entitled to any relief whatsoever, and instead, TMS demands recovery of its attorneys' fees and costs from Plaintiff for the defense of this action to the greatest extent permitted by applicable law. TMS further denies that any class action is appropriate in this instance.

**JURY DEMAND**

TMS demands a trial by jury for all issues so triable.

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to TMS, TMS hereby denies said allegations, including, but not limited to, any allegation contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Further, any averments in the Complaint to which no responsive pleadings are capable or required shall

be deemed denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, TMS pleads the following defenses to the Complaint. TMS reserves the right to plead additional defenses at such time and to such extent as warranted by discovery and the factual development in this case.

**First Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because to the extent the subject telephone calls occurred, such call were invited, permitted, consented to, and/or made pursuant to an established business relationship.

**Second Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because the subject telephone calls were received on a telephone number assigned to a cellular telephone service that is not charged to the called party.

**Third Affirmative Defense**

Plaintiff lacks standing to bring this action because it is not the respective owner, subscriber, registrant, or authorized user of the telephone(s) that allegedly received the subject telephone calls.

**Fourth Affirmative Defense**

Plaintiff fails to state a claim upon which relief can be granted. Among other things, the allegations in Plaintiff's Complaint lack factual support. Further, Plaintiff fails to state and cannot state a plausible claim for class relief pursuant to Fed. R. Civ. P. 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, and class relief is not superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff seeks to assert.

**Fifth Affirmative Defense**

Plaintiff's claims fail or otherwise are barred, in whole or in part, or limited by the

doctrine of unclean hands. Plaintiff, a professional plaintiff with multiple cellular telephones that invite unsolicited telemarketing calls, is pursuing this litigation as a class action, not to seek compensation for damages allegedly suffered, as contemplated by statute, but rather to seek to enrich itself by seeking disproportionate payments from TMS.

**Sixth Affirmative Defense**

Plaintiff fails to sufficiently allege a class action is proper or appropriate, and therefore Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege (because it cannot) any facts to suggest that are any other members of the putative classes, instead Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff fails to allege (because it cannot) any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the putative classes, or that Plaintiff will fairly and adequately protect the interests of the putative classes. Rather, Plaintiff's complaint merely parrots the language of Fed. R. Civ. P. 23 without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequacy requirements for this case to proceed as a class action.

**Seventh Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because the alleged damages to Plaintiff and the putative classes Plaintiff seeks to represent were caused, in whole or in part, by the acts or omissions of third parties over which TMS had and has no control and/or by the acts of omissions of Plaintiff or the putative class members.

**Eighth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited to the extent any telephone calls at issue are exempt from liability under the TCPA and the rules and regulations prescribed by the Federal Communications Commission.

**Ninth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail

or otherwise are barred, in whole or in part, or limited because the subject telephone calls complied with the requirements set forth in 47 C.F.R. § 64.1200.

**Tenth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because Plaintiff did not sustain any damages or concrete harm as a result of the subject telephone calls. To the extent Plaintiff and/or the putative classes Plaintiff seeks to represent sustained any damages, such damages are de minimis and non-actionable, which deprives the Court of subject matter jurisdiction in this action.

**Eleventh Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because Plaintiff failed to join all necessary and/or indispensable parties to this suit as required by Fed. R. Civ. P. 19.

**Twelfth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because any alleged conduct of TMS did not proximately cause any damages, injury, harm, or loss to Plaintiff or the putative classes.

**Thirteenth Affirmative Defense**

Aggregation in any form of the types of claims asserted by Plaintiff and/or the putative classes Plaintiff seeks to represent violate TMS' constitutional rights under the applicable state and federal constitutions.

**Fourteenth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because the subject telephone calls constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such telephone calls violated the First Amendment rights of TMS.

**Fifteenth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because TMS' practices and procedures reasonably and in good faith seek to prevent telephone calls in violation of the TCPA.

**Sixteenth Affirmative Defense**

Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages or injuries alleged in the Complaint.

**Seventeenth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because Plaintiff and/or the putative class Plaintiff seeks to represent were not the intended recipient(s) of the subject telephone calls.

**Eighteenth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited by the doctrine of estoppel.

**Nineteenth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited by the doctrine of waiver.

**Twentieth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited by the doctrine of release.

**Twenty-First Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because the statutory damages provisions of the TCPA are excessive fines and/or grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate (1) the safeguards set forth in and/or assured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and (2) the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

**Twenty-Second Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because Plaintiff and/or the putative classes Plaintiff seeks to represent lack standing to bring this action. Neither Plaintiff nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution.

**Twenty-Third Affirmative Defense**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, through the preclusive effect of *res judicata* and/or collateral estoppel.

**Twenty-Fourth Affirmative Defense**

Plaintiff's claims and/or the claims of the putative class members Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited for lack of personal jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017).

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Defendant Total Merchant Services, LLC prays as follows:

(1)   That Plaintiff takes nothing by virtue of its Complaint and that this action be dismissed in its entirety;

(2)   That judgment by rendered in favor of Defendant Total Merchant Services, LLC;

(3)   That attorneys' fees and costs of suit incurred in this action be awarded to Defendant Total Merchant Services, LLC to the greatest extent permitted by applicable law; and

(4)   That Defendant Total Merchant Services, LLC be awarded such other and further relief as the Court may deem just and proper.

Date: October 22, 2019

NOSSAMAN LLP
JAMES H. VORHIS

By: /s/ James H. Vorhis
James H. Vorhis

*Attorneys for Defendant* TOTAL MERCHANT SERVICES, LLC