1
2
3
4

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

5
6
7

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, LLC, a Delaware limited liability company,<br><br>                              Defendant. | Case No. 3:19-cv-05711-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

8
9
10
11
12
13
14
15

        Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Abante") and  Defendant

Total Merchant Services, LLC ("Defendant" or "Total Merchant") (collectively Plaintiff and

Defendant are referred to as the "Parties") jointly submit this Joint Case Management Statement

pursuant to the Standing Order for All Judges of the Northern District of California, Rule 26(f)

of the Federal Rules of Civil Procedure, and Civil Local Rule 16-9.

1.  Jurisdiction & Service

        No dispute exists regarding venue or personal jurisdiction over Defendant concerning

Plaintiff's individual claims. Defendant has asserted the affirmative defense of lack of

personal jurisdiction concerning the alleged claims of non-California putative class members

pursuant to *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,

137 S. Ct. 1773 (2017).  As can explained in briefing if necessary, Plaintiff denies that *Brisol-*

*Myers* is applicable to this case. All parties have been served.  Subject to the affirmative

1    defenses of Defendant, this Court appears to have subject matter jurisdiction over Plaintiff's

2    claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"),

3    pursuant to 28 U.S.C. § 1331.

4

5    2.  Facts

6          Plaintiff's Position:  The facts are straightforward. Abante received calls on cellular

7    telephones from or on behalf of Total Merchant marketing Total Merchant's payment processing

8    services. Abante denies ever providing prior express consent to receive such calls. —In February

9    2017, Abante requested that the calls stop by providing, through counsel, details of the calls to

10   Total Merchant's General Counsel, which included the phone numbers the calls were being made

11   from as well as the phone numbers that received the calls. Despite this, and notwithstanding the

12   General Counsel's representations that Abante's numbers were placed on a Do Not Call List,

13   Abante began receiving additional calls in November 2018. Abante received at least three

14   telemarketing calls regarding Total Merchant's products or services in November 2018, one call

15   in March 2019, and one call in June 2019. Abante provided no prior express consent to receive

16   any of these calls. Additionally, Abante alleges that all such calls were placed using an automatic

17   telephone dialing system ("ATDS").

18         Defendant's Position: Defendant denies the material allegations set forth in Plaintiff's

19   Complaint, including Plaintiff's entitlement to damages, and disputes the contentions raised

20   therein.  Among other denials and defenses, Defendant (1) denies making the alleged outbound

21   calls to Plaintiff, if any; (2) denies that any of the alleged outbound calls to Plaintiff, if any, were

22   made by a third-party on Defendant's behalf; (3) asserts Plaintiff, either expressly, implicitly, or

23   by third parties, consented to telephonic communication with Defendant, if any; and (4) asserts

24   telephonic communication between Plaintiff and Defendant, if any, was either initiated by

25   Plaintiff, initiated by or on behalf of Defendant pursuant to Plaintiff's consent, and/or not

26   initiated by or on behalf of Defendant through the use of an automatic telephone dialing system

27   ("ATDS").

28         Additionally, Defendant disputes that any basis exists to convert the existing action

between Plaintiff and Defendant into a nationwide class action as, among other reasons, Plaintiffs cannot establish the requirements of Federal Rule of Civil Procedure 23.

3.  Legal Issues

Plaintiff's Position

1. Whether the equipment allegedly used by Total Merchant or its agents to make the alleged calls constitutes an ATDS under the TCPA.

2. Whether Total Merchant obtained prior express consent to make the alleged calls.

3. Whether Total Merchant honors stop calling requests and has policies and procedures designed to process do not call requests;

4.  Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23.

5. To the extent Total Merchant did not make the calls itself, whether Total Merchant can be held liable for the actions of its agents.

Defendant's Position:

1.  Whether Plaintiff has standing to assert the claims alleged in the Complaint, including, but not limited to, whether Plaintiff suffered any concrete harm as a result of the allegations set forth in the Complaint;

2.  Whether Plaintiff consented and/or provided prior permission to receive the telephone calls alleged in the Complaint;

3.  Whether the telephone calls alleged in the Complaint were sent using an ATDS; and

4.  Whether Defendant is directly and/or vicariously liable for the claims alleged in the Complaint.

4.  Motions

Plaintiff's Position

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff anticipates moving for class certification following class discovery and potentially moving for summary judgment in favor of itself and the class members. Discovery motions may also be potentially necessary.

Defendant's Position:  After it has received sufficient discovery, Defendant anticipates filing a motion for summary judgment regarding its lack of liability and reserves the right to file other pretrial motions, including, but not limited to, discovery motions, motions in limine, and/or *Daubert* motions.

5.  Amendment of Pleadings

Plaintiff's Position:

Discovery may reveal other entities or individuals personally involved in the making of the calls so as to warrant their inclusion as additional defendants. Plaintiff also anticipates the potential need to amend the class definition following appropriate class discovery regarding the contours of the class. Plaintiff's position is that a deadline for amending the pleadings should be set at some point following completion of certain discovery regarding class related issues so as to identify any additional culpable parties and to appropriately focus the class definition. A deadline of 150 days following commencement of discovery regarding class related issues would suffice.

As to Defendant's position, Plaintiff asserts that it did conduct a reasonable pre-suit investigation. Naturally, not all information regarding the facts and circumstances surrounding the allegations in the complaint can be obtained pre-suit and without formal discovery.

Defendant's Position:  Defendant proposes February 1, 2020 as a deadline for the amendment of pleadings.  The Federal Rules of Civil Procedure require Plaintiff to conduct a reasonable investigation into the facts and circumstances surrounding the allegations and claims asserted in the Complaint. Part of this reasonable investigation should have included research regarding the telephone numbers that called Plaintiff's redacted telephone number(s)— information presumably within Plaintiff's possession, custody, or control.  An additional five (5)

months of discovery to accomplish this most basic investigation should not be condoned by the Court.

6.  Evidence Preservation.

The Parties certify that they have reviewed the ESI Guidelines. During the Rule 26(f) conference, counsel for the Parties discussed the potential ESI implicated in this case. The Parties confirm that any relevant ESI is being appropriately preserved. Should discovery proceed, the Parties are committed to working together to reduce the costs of ESI.

7.  Disclosures

The Parties will exchange initial disclosures on or before December 26, 2019.

8.  Discovery

No discovery has been served thus far and the parties have not identified any discovery disputes. Plaintiff anticipates serving its first set of discovery requests prior to the Initial Case Management Conference.

Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

(1) **Changes to disclosures.**  The parties do not expect that any changes will be made in form or requirement of the parties' Rule 26(a) disclosures.

(2) **Subjects on which discovery may be needed.**  Discovery will be needed on the allegations asserted in the Complaint and the legal issues set forth above.

(3) **Issues relating to disclosure or discovery of electronically stored information**.  If certain discovery is to be produced in electronic form, the parties have agreed to meet and confer, as necessary, to resolve any issues concerning electronic discovery as they arise.

(4) **Issues relating to claims of privilege or of protection as trial-preparation material.**  The parties will meet and confer as necessary to discuss this if the issue arises.

(5) **Changes in limitations on discovery.**  The parties do not foresee changes that should

1   be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or

2   the Civil Local Rules.  If changes need to be made, the parties agree to meet and confer.

3   　　　　(6) **Orders that should be entered by the court.**  The parties anticipate that a protective

4   order governing the treatment of confidential information will be required and will submit a

5   proposed order in the form of the Northern District's model order.

6

7   9.  Class Actions

8   　　　　The Parties propose conducting discovery and briefing class certification pursuant to the

9   schedule set forth below at Section 17.

10

11  10.  Related Cases

12  　　　　The Parties are unaware of any pending cases related to this action.  The Parties are

13  aware of the closed but related case styled *Collins, et al. v. Total Merchant Services, Inc., et al.*;

14  Case No. 3:17-cv-03806-CW (N.D. Cal.).

15

16  11.  Relief

17  　　　　Plaintiff seeks statutory damages for Total Merchant's alleged violations of the TCPA,

18  which provides $500 per call, which may be trebled to $1,500 per text message where the calls

19  were made wilfully without prior express consent. Damages will be calculated depending upon

20  the number of class members and the number of calls following discovery. Defendant disputes

21  liability and denies Plaintiff or the proposed nationwide classes are entitled to any relief

22  whatsoever, and instead, Defendant seeks recovery of its attorneys' fees and costs from Plaintiff

23  for the defense of this action to the greatest extent permitted by applicable law.

24  12.  Settlement and ADR

25  　　　　The Parties have complied with ADR L.R. 3-5.  A Stipulation and [Proposed] Order

26  Selecting ADR Process has been filed with the Court.  The Parties anticipate attending private,

27  non-binding mediation before a mutually agreeable mediator.  No settlement discussions have

28

occurred to date, although the Parties are open to discussing settlement informally at any appropriate time.

13. Consent to Magistrate Judge For All Purposes

      All Parties do not consent to have a magistrate judge conduct all further proceedings.

14. Other References

      The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

      The Parties agree, to the extent necessary, to explore facts that can be proven by stipulation at the appropriate time.

16. Expedited Trial Procedure

      The Parties do not believe that this case is suitable for an expedited trial.

17. Scheduling

      The Parties propose the following case schedule. The Parties agree on all dates except for the deadline to join other parties and to amend the pleadings.

| EVENT | DATE |
|---|---|
| Deadline to join other parties and to amend the pleadings | Plaintiff:    May 11, 2020<br>Defendant:  February 2, 2020 |
| Deadline to exchange Fed. R. Civ. P. 26(a)(2) expert witness disclosures | Plaintiff:    September 21, 2020<br>Defendant:  November 23, 2020 |
| Deadline for Plaintiff to file motion for class certification | December 31, 2020 |
| Deadline to complete discovery, including all | January 22, 2021 |

| expert discovery | |
|---|---|
| Deadline for Defendant to file response to motion for class certification | February 12, 2021 |
| Deadline for Plaintiff to file reply in support of class certification | February 26, 2021 |
| Deadline to file dispositive motions | April 16, 2021 |
| Deadline to file *Daubert* motions | April 16, 2021 |
| Deadline to file response to dispositive motions | May 17, 2021 |
| Deadline to file reply in support of dispositive motions | May 31, 2021 |
| Deadline to file all other pre-trial motions, including Motions *In Limine* | July 12, 2021 |
| Pre-trial conference | August 16, 2021 |
| Trial | September 2021 |

18. Trial

        If this matter is certified as a class action, the Parties anticipate a jury trial of 3-5 days.


19. Disclosure of Non-party Interested Entities or Persons


        The Parties have filed the required Certification of Interested Entities or Persons.


20. Professional Conduct

        All counsel have reviewed the Guidelines.


21. Other

        The parties are not aware of any other matters at this time.


Dated:  December 20, 2019        /s/ Patrick H. Peluso
                                 Counsel for Plaintiff

1

2

3

4

Richard T. Drury (SBN: 163559)
Lozeau Drury LLP
410 12th Street, Suite 250
Oakland, CA 94607
Tel: 510-836-4200
Richard@lozeaudrury.com

5

6

7

8

9

Steven L. Woodrow (*pro hac vice*)
Patrick H. Peluso (*pro hac vice*)
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 90210
Tel: 720-213-0675
swoodrow@woodrwopeluso.com
ppeluso@woodrowpeluso.com

10

11

12

13

14

15

16

17

18

Dated:  December 20, 2019        /s/  Lawren A. Zann
                                 Counsel for Defendant
                                 Beth-Ann E. Krimsky (*pro hac vice admission*)
                                 Lawren A. Zann (*pro hac vice admission*)
                                 GREENSPOON MARDER LLP
                                 200 East Broward Blvd., Suite 1800
                                 Fort Lauderdale, FL 33301
                                 Tel: 954.527.2427
                                 Fax: 954.333.4027
                                 beth-ann.krimsky@gmlaw.com
                                 lawren.zann@gmlaw.com

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIGNATURE CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant  and that I have obtained  authorization to affix his or her electronic signature to this document.


By:     s/ Patrick H. Peluso
         Patrick H. Peluso

1

2

**CERTIFICATE OF SERVICE**

3          The undersigned hereby certifies that a true and correct copy of the above papers was

4    served upon counsel of record by filing such papers via the Court's ECF system on December

5    20, 2019.

6

7                                                     /s/ Patrick H. Peluso

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28