UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:19-cv-05711-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Abante") and Defendant Total Merchant Services, LLC ("Defendant" or "TMS") (collectively Plaintiff and Defendant are referred to as the "Parties") submit this Joint Case Management Statement in accordance with the Court's March 25, 2020 Order (dkt. 38).

**1.    Discovery Status**

Plaintiff's Statement: On December 23, 2019, Plaintiff served its First Set of Discovery Requests on Defendant—including Interrogatories and Requests for Production. On February 5, 2020, TMS served its responses to Plaintiff's First Set of Discovery Requests. On February 20, 2020, Plaintiff served a discovery dispute letter, which addressed deficiencies in TMS's

1

responses. The Parties then conferred regarding TMS's responses and TMS agreed to supplement its responses. On March 30, 2020, TMS provided its supplemental responses to discovery. At this time, TMS withheld all responsive documents citing the need for protective order. On April 3, 2020, the Court issued an Order granting the Parties' Stipulated Protective Order. (Dkt. 42.) TMS produced documents on June 18, 2020.

Also on December 23, 2019, TMS served its First Set of Discovery Responses on Plaintiff—including Interrogatories and Requests for Production. Plaintiff served its responses to TMS's discovery on February 5, 2020. Thereafter, the Parties conferred and Plaintiff agreement to supplement its responses. On April 23, 2020, Plaintiff provided its supplemental responses to TMS's discovery requests.

On May 19, 2020, Plaintiff served its Second Set of Discovery Requests—including additional Interrogatories and Requests for Production. TMS's responses are not due until June 19, 2020. Shortly thereafter, on May 29, 2020, the Parties' conferred regarding TMS's supplemental responses to Plaintiff's First Set of Discovery Requests. Currently, the Parties are at issue with respect to the sufficiency of TMS's responses. Plaintiff expects to file a Joint Letter regarding the discovery dispute within a matter of days.

During this time, Plaintiff has worked to effectuate subpoenas directed to Triumph Merchant Solutions, LLC ("Triumph"). Plaintiff has identified Triumph as one of the entities which placed calls at issue in this case (Plaintiff alleges these calls were placed on TMS's behalf and for TMS's benefit). TMS has asserted that any calls related to Triumph would have been placed by Triumph and not by TMS itself, and therefore all of the relevant call records regarding calls placed by Triumph are within Triumph's possession. On February 4, 2020, Plaintiff issued a Subpoena to Testify at a Deposition in a Civil Action and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Triumph Subpoenas"). The Triumph Subpoenas were served on Triumph on February 13, 2020. Triumph has refused to respond to the subpoenas in any fashion. Triumph also ignored Plaintiff's counsel's

repeated attempts to communicate regarding the subpoenas. As a result of Triumph's failure to respond, Plaintiff filed a subpoena enforcement action in the Southern District of California. (*See* Abante Rooter and Plumbing, Inc. v. Triumph Merchant Solutions, LLC, Case No. 3:20-cv-00754-JAH-BLM (S.D. Cal. filed April 21, 2020)) Currently, Triumph has ignored the enforcement action as well, and Plaintiff is awaiting an Order from the court. (*See id.*)

Defendant's Statement: On December 23, 2019, TMS served its First Set of Interrogatories and First Set of Requests for Production (collectively, the "First Set of Discovery") on Plaintiff. Upon agreement of the parties, Plaintiff served its response to the First Set of Discovery on February 5, 2020—one (1) day after Plaintiff issued subpoenas to an entity referred to as Triumph Merchant Solutions, LLC. Plaintiff's response to the First Set of Requests for Production contained purported emails between Plaintiff and Triumph, who is not a party to this case, in relation to the alleged telemarketing activity of Triumph at issue in this litigation. *See* Abante000418 through Abante000454. Notwithstanding the production of certain documents, Plaintiff's response to the First Set of Discovery was deficient in multiple respects. As such, the parties engaged in a discovery conference to address the Plaintiff's deficient responses in lieu of Court intervention, which discovery conference resulted in Plaintiff serving supplemental discovery responses on TMS. Plaintiff's supplemental discovery responses further identified Triumph as the party that Plaintiff believes placed the alleged calls at issue. For reasons unknown to TMS, Plaintiff chose not to include Triumph as a named party in this litigation despite Plaintiff being fully aware of the existence, identity, and alleged conduct of Triumph concerning the claims asserted in this litigation.

On December 23, 2019, Plaintiff served its First Set of Interrogatories and First Set of Requests for Production (collectively, "Plaintiff's First Set of Discovery") on TMS. Plaintiffs' First Set of Interrogatories were replete with objectionable content. Upon agreement of the parties, TMS served its response to Plaintiff's First Set of Discovery on February 5, 2020.

Because Plaintiff neither alleged its telephone numbers that received the alleged calls at issue nor produced documents in response to TMS' First Set of Requests for Production at the time TMS served its responses to Plaintiff's First Set of Discovery, TMS lacked knowledge and information sufficient to substantively respond to the objectionable Plaintiff's First Set of Discovery. Plaintiff served TMS with a written correspondence to address Plaintiff's beliefs and concerns regarding the TMS response on February 20, 2020. Of importance, Plaintiff's correspondence further identified Triumph Merchant Solutions as one of two alleged agents responsible for the calls at issue (the other alleged agent being Quality Merchant Services, Inc. with whom TMS does not maintain a relationship) and Plaintiff acknowledged "Plaintiff has produced documents demonstrating that Triumph Merchant Solutions placed calls to Plaintiff on behalf of TMS." As a result of the discovery conference between the parties concerning Plaintiffs' First Set of Discovery and the documents produced by Plaintiff in response to TMS' First Set of Discovery, TMS served its supplemental responses to Plaintiff's First Set of Discovery on Plaintiff. TMS has produced the documents in its possession concerning Triumph as TMS_000001 through TMS_000050.

On May 19, 2020, Plaintiff served its Second Set of Interrogatories and Second Set of Requests for Production (collectively, "Plaintiff's Second Set of Discovery") on TMS. This Joint Case Management Statement is being filed prior to the time in which TMS is to respond to Plaintiff's Second Set of Discovery.

**2.      Settlement Efforts**

The Parties are discussing a mediation session overseen by Peter J. Grilli P.A to occur remotely due to the ongoing pandemic on July 22, 2020 or July 23, 2020.

**3.      Proposed Modifications To Current Schedule**

<u>Plaintiff's Position:</u> Plaintiff requests a brief 90-day extension of all remaining deadlines.

4

The Parties are currently engaged in a discovery dispute regarding Defendant's responses to Plaintiff's first set of discovery requests. A joint letter regarding the dispute will be filed in a matter of days. Further, Plaintiff also filed a subpoena enforcement action pending against in Triumph. Triumph has continued to completely ignore Plaintiff's subpoenas as well as the enforcement action. As a result of pending disputes, Plaintiff believes that a 90-day extension is warranted to permit the Parties additional time to resolve the disputes prior to scheduling depositions and proceeding to class certification.

Defendant's Position: Defendant takes no position on a 90-day extension of all remaining deadlines.

Dated: June 18, 2020        /s/ Patrick H. Peluso
                            Counsel for Plaintiff

                            Richard T. Drury (SBN: 163559)
                            Lozeau Drury LLP
                            410 12th Street, Suite 250
                            Oakland, CA 94607
                            Tel: 510-836-4200
                            Richard@lozeaudrury.com

                            Steven L. Woodrow (*pro hac vice*)
                            Patrick H. Peluso (*pro hac vice*)
                            Taylor T. Smith (*pro hac vice*)
                            Woodrow & Peluso, LLC
                            3900 East Mexico Ave., Suite 300
                            Denver, Colorado 90210
                            Tel: 720-213-0675
                            swoodrow@woodrwopeluso.com
                            ppeluso@woodrowpeluso.com
                            tsmith@woodrowpeluso.com

Dated: June 18, 2020        /s/ Lawren A. Zann
                            Counsel for Defendant
                            Beth-Ann E. Krimsky (*pro hac vice admission*)
                            Lawren A. Zann (*pro hac vice admission*)

5

GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954.527.2427
Fax: 954.333.4027
beth-ann.krimsky@gmlaw.com
lawren.zann@gmlaw.com

**SIGNATURE CERTIFICATION**

    Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained authorization to affix his or her electronic signature to this document.

By:    /s/ Patrick H. Peluso
          Patrick H. Peluso

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on June 18, 2020.

/s/ Patrick H. Peluso