# Exhibit A

1    GREENSPOON MARDER LLP
     BETH-ANN KRIMSKY (*pro hac vice admission*)
2    beth-ann.krimsky@gmlaw.com
     LAWREN A. ZANN (*pro hac vice admission*)
3    lawren.zann@gmlaw.com
     200 East Broward Blvd., Suite 1800
4    Fort Lauderdale, FL 33301
     Telephone: 954.527.2427
5    Facsimile: 954.333.4027

6    NOSSAMAN LLP
     JAMES H. VORHIS (SBN 245034)
7    jvorhis@nossaman.com
     50 California Street, 34th Floor
8    San Francisco, CA 94111
     Telephone:    415.398.3600
9    Facsimile:    415.398.2438

10   Attorneys for Defendant TOTAL MERCHANT SERVICES, INC.

11                      UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13   ABANTE ROOTER AND PLUMBING, INC, a      Case No:  3:19-cv-05711
     California corporation, individually and on
14   behalf of all others similarly situated,          **DEFENDANT'S SUPPLEMENTAL
                                                        RESPONSES AND OBJECTIONS TO**
15                    Plaintiff,                        **PLAINTIFF'S FIRST SET OF
                                                        INTERROGATORIES**
16          vs.

17   TOTAL MERCHANT SERVICES, LLC., a        Date Action Filed: September 11, 2019
     Delaware limited liability company,
18
                      Defendant.
19

20

21          Defendant, TOTAL MERCHANT SERVICES, LLC ("Defendant" or "TMS"), by and

22   through undersigned counsel, hereby serves its supplemental responses and objections to the First

23   Set of Interrogatories dated December 23, 2019, and served by  Plaintiff, ABANTE ROOTER

24   AND PLUMBING, INC. ("Plaintiff"), and states as follows:

25                          **PRELIMINARY STATEMENT**

26          The  following  supplemental  responses  and  objections  to  the  Interrogatories  (the

27   "Responses")  are  made  solely  for  the  purpose  of  this  action.  TMS  has  not  completed  its

28                                                        Case No. 3:19-cv-05711
     DEFENDANT'S SUPPLEMENTAL RESPONSES & OBJECTIONS TO FIRST SET OF INTERROGATORIES
                                               1

     43771715v1

1  speculation.  TMS further objects to the respective definitions of the terms "Describe" and "You"

2  as set forth more fully in General Objections B & D *supra*.

3

4  **INTERROGATORY NO. 3:**  Identify and Describe the Dialing Equipment You (or any Person

5  acting on Your behalf or for Your benefit) used to place the calls at issue in the Complaint.

6  **SUPPLEMENTAL ANSWER:**  Subject to and without waiving the following objections, TMS

7  did not place the alleged telephone calls to Plaintiff at issue in the Complaint.  Plaintiff does not

8  allege but merely advises TMS of Plaintiff's belief that a non-party named Triumph placed the

9  alleged telephone calls to Plaintiff at issue in the Complaint purportedly on behalf of TMS.  As

10  such, TMS attempted to contact Triumph to seek to ascertain whether Triumph placed the alleged

11  telephone calls to Plaintiff at issue in the Complaint, and, if so, the facts, circumstances, and

12  documentation surrounding such alleged telephone calls.  Triumph has not responded to TMS.

13  Accordingly, because TMS did not place the alleged calls at issue in the Complaint and because

14  the unalleged but supposed calling party, Triumph, has not responded to TMS, TMS not only lacks

15  information to believe Plaintiff was contacted on behalf of TMS as alleged in the Complaint, but

16  also disputes the assumptions and contentions set forth in this Interrogatory.  TMS is unaware of

17  the "dialing equipment" purportedly used by Triumph to contact Plaintiff.

18          The objections that apply to this Interrogatory continue as follows:

19          TMS objects to this Interrogatory as argumentative to the extent the Interrogatory purports

20  to assume certain facts or otherwise poses mere allegations as fact.  TMS further objects to this

21  Interrogatory to the extent it calls for a legal conclusion and speculation.  TMS further objects to

22  the respective definitions of the terms "Describe," "Dialing Equipment," and "You" as set forth in

23  General Objections B, C & D, *supra.*

24

25

26

27

28

1   Interrogatory to the extent it seeks to intrude upon the attorney-client communications privilege

2   and the attorney work-product doctrine.

3

4   **INTERROGATORY NO. 7:**  Identify each and every cellphone numbers to which You placed a

5   call (or to which a telemarketing call was placed on Your behalf of for Your benefit) using the

6   same Dialing Equipment that was used to call Plaintiff, for the same purpose Plaintiff was called,

7   where You obtained the phone number called and consent to call in the same manner as You

8   obtained Plaintiff's phone number and consent to call the Plaintiff.

9   **SUPPLEMENTAL ANSWER:**  Subject to and without waiving the following objections, TMS

10  did not place the alleged telephone calls to Plaintiff at issue in the Complaint.  Accordingly, there

11  are no cellphone numbers to identify as requested by this Interrogatory.  Notwithstanding the

12  foregoing, Plaintiff does not allege but merely advises TMS of Plaintiff's belief that a non-party

13  named Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint purportedly

14  on behalf of TMS.  As such, TMS attempted to contact Triumph to seek to ascertain whether

15  Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint, and, if so, the

16  facts, circumstances, and documentation surrounding such alleged telephone calls, including the

17  "dialing equipment" associated with such alleged telephone calls.  Triumph has not responded to

18  TMS.

19          The objections that apply to this Interrogatory continue as follows:

20          TMS objects to this Interrogatory as argumentative to the extent the Interrogatory purports

21  to assume certain facts or otherwise poses mere allegations as fact.  TMS further objects to this

22  Interrogatory and its inclusion of "each and every" as overly broad and unduly burdensome on its

23  face.  TMS further objects to this Interrogatory to the extent it calls for a legal conclusion and

24  speculation.  TMS further objects to the respective definitions of the terms "Dialing Equipment"

25  and "You" as set forth more fully in General Objections C & D, *supra.*

26

27

28

1    **INTERROGATORY NO. 8:**  For each phone number identified in response to Interrogatory No.

2    7, Identify the total number of instances each number was called by You (or by a third-party on

3    Your behalf or for Your benefit) during the relevant time period and the date and times of each

4    such call.

5    **SUPPLEMENTAL ANSWER:**  Subject to and without waiving the following objections, TMS

6    did not identify any phone number in response to Interrogatory No. 7.  Accordingly, TMS is not

7    in possession of responsive information sought by this Interrogatory at this time.

8            The objections that apply to this Interrogatory continue as follows:

9            TMS objects to the definition of the term "You" as set forth more fully in General Objection

10   C, *supra.*  TMS further objects to this Interrogatory to the extent it calls for a legal conclusion and

11   speculation.  TMS further objects to the term "relevant time period" as set forth more fully in

12   General Objection F, *supra.*

13

14   **INTERROGATORY NO. 9:**  Identify and Describe Your complete business relationship with

15   Triumph Merchant Solutions, including all contracts and communications regarding the

16   performance of such contracts.

17   **SUPPLEMENTAL ANSWER:**  Subject to and without waiving the following objections, TMS

18   and Triumph entered into a non-exclusive relationship whereby Triumph sought to submit

19   applications on behalf of certain merchants to TMS for inclusion into card processing services and

20   programs offered by TMS.  Pursuant to Fed. R. Civ. P. 33(d), TMS will produce copies of any

21   contract between TMS and Triumph that TMS possesses.

22           The objections that apply to this Interrogatory continue as follows:

23           TMS further objects to this Interrogatory and its inclusion of "complete" and "all" as overly

24   broad and unduly burdensome on its face.  TMS further objects to the definition of the term

25   "Describe" as set forth more fully in General Objections B, *supra.*

26

27

28

1   **INTERROGATORY NO. 10:**  Identify all third-parties who have placed telemarketing calls to

2   Plaintiff on Your behalf or for Your benefit during the relevant time period.

3   **SUPPLEMENTAL ANSWER:**  Subject to and without waiving the following objections, and

4   based on the allegations contained in the Complaint, the respective Rule 26(a)(1) Initial

5   Disclosures served in this action, as well as communications and information shared between

6   counsel for Plaintiff and counsel for TMS, TMS identifies Quality Merchant Services, Inc. and

7   Triumph as third-parties who may have placed telemarketing calls to Plaintiff.  Any calls that may

8   have been placed by Quality Merchant Services, Inc. are, by the express allegations set forth in the

9   Complaint, not relevant to this action.

10         The objections that apply to this Interrogatory continue as follows:

11         TMS objects to this Interrogatory as argumentative to the extent the Interrogatory purports

12   to assume certain facts or otherwise poses mere allegations as fact.  TMS further objects to this

13   Interrogatory to the extent it calls for a legal conclusion and speculation.  TMS further objects to

14   the term "relevant time period" as set forth more fully in General Objection F, *supra*.

15

16   **INTERROGATORY NO. 11:**  Identify all third-parties who, on Your behalf or for your benefit

17   during the relevant time period, obtained consent from Plaintiff to place autodialed or pre-recorded

18   calls.

19   **SUPPLEMENTAL ANSWER:**   Subject to and without waiving the following objections,

20   Plaintiff does not allege but merely advises TMS of Plaintiff's belief that a non-party named

21   Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint purportedly on

22   behalf of TMS.  As such, TMS attempted to contact Triumph to seek to ascertain whether Triumph

23   placed the alleged telephone calls to Plaintiff at issue in the Complaint, and, if so, the facts,

24   circumstances, and documentation surrounding such alleged telephone calls, including the issue

25   of "consent," if applicable.  Triumph has not responded to TMS.  Notwithstanding the foregoing,

26   to the extent Plaintiff can show Triumph actually contacted Plaintiff on behalf of TMS using an

27

28

1  automatic telephone dialing system or an artificial or prerecorded voice, such contact would have

2  been pursuant to Plaintiff's consent as required by the agreement between TMS and Triumph.

3         The objections that apply to this Interrogatory continue as follows:

4         TMS objects to this Interrogatory as argumentative to the extent the Interrogatory purports

5  to assume certain facts or otherwise poses mere allegations as fact.  TMS further objects to this

6  Interrogatory to the extent it calls for a legal conclusion and speculation.

7

8  **INTERROGATORY NO. 12:**   For each third-party or parties Identified in response to

9  Interrogatory Nos. 10 and 11, Identify and describe Your complete business relationship with each

10  third-party, including all contracts and communications regarding the performance of such

11  contracts.

12  **SUPPLEMENTAL ANSWER:**  Subject to and without waiving the following objections, TMS

13  directs Plaintiff to Supplemental Answer No. 9.

14         The objections that apply to this Interrogatory continue as follows:

15         TMS objects to this Interrogatory as irrelevant and overly broad in that it is not limited in

16  scope, particularly, where, as here, TMS's relationship with QMS is, by the express allegations set

17  forth in the Complaint, not relevant to this action.  TMS further objects to this Interrogatory and

18  its inclusion of "complete" as overly broad and unduly burdensome on its face.  TMS further

19  objects to this Interrogatory to the extent it calls for a legal conclusion and speculation.

20

21  **INTERROGATORY NO. 13:**  Identify and Describe any and all steps You (or someone acting

22  on Your behalf, for Your benefit, in accordance with any contract or other arrangement with You,

23  or with Your knowledge and prior or subsequent approval) have caused to subscribe to the National

24  DNC List, to scrub any call list against the National DNC List, or to take any other action to

25  incorporate the national DNC list into Your call procedures.

26  **SUPPLEMENTAL ANSWER:**  Subject to and without waiving the following objections, TMS

27  does not place telemarketing calls or telephone solicitations as assumed by this Interrogatory.

28

1    **SUPPLEMENTAL ANSWER:**  Subject to and without waiving the following objections, TMS

2    does not place telemarketing calls as assumed by this Interrogatory.  Notwithstanding the

3    foregoing, Plaintiff does not allege but merely advises TMS of Plaintiff's belief that a non-party

4    named Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint purportedly

5    on behalf of TMS.  As such, TMS attempted to contact Triumph to seek to ascertain whether

6    Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint, and, if so, the

7    facts, circumstances, and documentation surrounding such alleged telephone calls, including its

8    use of "Internal Do Not Call Lists."  Triumph has not responded to TMS.

9        The objections that apply to this Interrogatory continue as follows:

10        TMS objects to this Interrogatory as argumentative to the extent the Interrogatory purports

11   to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this

12   Interrogatory as irrelevant and overbroad in that it is not limited in scope.  Specifically, Plaintiff

13   contends a non-party named Triumph, and not TMS, placed the telephone calls to Plaintiff at issue

14   in the Complaint.  Thus, the policies of TMS as it relates to "Internal Do Not Call Lists" are not

15   relevant for purposes of this action.  To the extent TMS responds to this Interrogatory, TMS will

16   only provide information concerning the purported, but unalleged, activity of Triumph.  TMS

17   further objects to this Interrogatory and its inclusion of "any and all" as overly broad and unduly

18   burdensome on its face.  TMS further objects to the respective definitions of the terms "Describe"

19   and "You" as set forth more fully in General Objections B & C, *supra.* TMS further objects to this

20   Interrogatory to the extent it seeks to intrude upon the attorney-client communications privilege

21   and the attorney work-product doctrine.

22

23    **INTERROGATORY NO. 15:**  Identify all persons who You (or who were called by a third-party

24   on Your behalf or for Your benefit) caused to be called at least twice during any 12-month period

25   where the person's phone number had been on the National DNC List for at least thirty (30) days

26   including the dates and times, and total number, of all such calls.

27

28

1    **SUPPLEMENTAL ANSWER:**  Subject to and without waiving the following objections, TMS

2    does not place telemarketing calls as assumed by this Interrogatory.  Notwithstanding the

3    foregoing, Plaintiff does not allege but merely advises TMS of Plaintiff's belief that a non-party

4    named Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint purportedly

5    on behalf of TMS.  As such, TMS contacted Triumph in an attempt to ascertain whether Triumph

6    placed the alleged telephone calls to Plaintiff at issue in the Complaint, and, if so, the facts and

7    circumstances surrounding such alleged telephone calls, including Triumph's calling records.

8    Triumph has not responded to TMS.

9         The objections that apply to this Interrogatory continue as follows:

10        TMS objects to the misstatement of the law contained in this Interrogatory concerning the

11   time period in which a telephone number must receive two calls in relation to the placement of

12   such telephone number on any national do not call database.  For this same reason, TMS further

13   objects to this Interrogatory as irrelevant and not proportional to the needs of the case.  TMS further

14   objects to this Interrogatory as irrelevant, not proportional to the needs of the case, overbroad, and

15   unduly burdensome in that it is not limited in scope.  To the extent TMS responds to this

16   Interrogatory, TMS will only provide information concerning the purported, but unalleged, activity

17   of Triumph.  TMS further objects to this Interrogatory to the extent it seeks to compel TMS to

18   conduct an analysis of the calling activity of Triumph necessary for Plaintiff to establish its claims.

19   Indeed, Plaintiff carries the burden to conduct such an analysis, through expert testimony or

20   otherwise, sought by this Interrogatory and, as such, TMS will not conduct such analysis sought

21   by this Interrogatory should TMS receive relevant information requested from Triumph.  TMS

22   will, however, produce to Plaintiff relevant documents TMS seeks to obtain from Triumph—if any

23   are provided by Triumph to TMS—such that Plaintiff can carry its own burden of proof and

24   conduct its own analysis.  TMS further objects to this Interrogatory to the extent it calls for a legal

25   conclusion and speculation.  TMS further objects to the definition of the term "You" as set forth

26   more fully in General Objection D, *supra*.

27

28

1   **INTERROGATORY NO. 16:**   Identify all persons who You (or anyone acting on Your behalf

2   or for Your benefit) caused to be called on at least once occasion more than thirty (30) days after

3   You placed the person's number on Your Internal Do Not Call List, including the dates and times

4   of all calls to all such persons.

5   **SUPPLEMENTAL ANSWER:**   Subject to and without waiving the following objections, TMS

6   does not place telemarketing calls as assumed by this Interrogatory.   Notwithstanding the

7   foregoing, Plaintiff does not allege but merely advises TMS of Plaintiff's belief that a non-party

8   named Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint purportedly

9   on behalf of TMS.   As such, TMS attempted to contact Triumph to seek to ascertain whether

10   Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint, and, if so, the

11   facts, circumstances, and documentation surrounding such alleged telephone calls. Triumph has

12   not responded to TMS.

13          The objections that apply to this Interrogatory continue as follows:

14          TMS objects to this Interrogatory as irrelevant and overbroad in that it is not limited in

15   scope.   Specifically, Plaintiff contends a non-party named Triumph, and not TMS, placed the

16   telephone calls to Plaintiff at issue in the Complaint.   Thus, the policies of TMS as it relates to

17   "Internal Do Not Call Lists" are not relevant for purposes of this action.   To the extent TMS

18   responds to this Interrogatory, TMS will only provide information concerning the purported, but

19   unalleged, activity of Triumph.   TMS further objects to this Interrogatory to the extent it seeks to

20   compel TMS to conduct any analysis of the calling activity of Triumph necessary for Plaintiff to

21   establish its claims.   Indeed, Plaintiff carries the burden to conduct the analysis, through expert

22   testimony or otherwise, sought by this Interrogatory and, as such, TMS will not conduct such

23   analysis sought by this Interrogatory should TMS receive relevant information requested from

24   Triumph.   TMS will, however, produce to Plaintiff relevant documents TMS seeks to obtain from

25   Triumph—if any are provided by Triumph to TMS—such that Plaintiff can carry its own burden

26   of proof and conduct its own analysis.   TMS further objects to this Interrogatory to the extent it

27

28

43771715v1

1  calls for a legal conclusion and speculation.  TMS further objects to the definition of the term

2  "You" as set forth more fully in General Objection D, *supra*.

3

4  Date: March 30, 2020                                    GREENSPOON MARDER LLP
                                                           LAWREN A. ZANN
5

6                                                          By:/s/  *Lawren A. Zann*
                                                               Lawren A. Zann
7

8                                                          Attorneys for Defendant TOTAL
                                                           MERCHANT SERVICES, LLC
9

10                                    **CERTIFICATE OF SERVICE**

11          I HEREBY CERTIFY that on March 30, 2020, I served the foregoing Supplemental

12  Response and Objections to Plaintiff's First Set of Interrogatories on all parties of record via

13  electronic mail.

14                                                         */s/ Lawren A. Zann*
                                                           Lawren A. Zann
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                    Case No. 3:19-cv-05711
    DEFENDANT'S SUPPLEMENTAL RESPONSES & OBJECTIONS TO FIRST SET OF INTERROGATORIES
                                         17

43771715v1