# Exhibit B

GREENSPOON MARDER LLP
BETH-ANN KRIMSKY (*pro hac vice admission*)
beth-ann.krimsky@gmlaw.com
LAWREN A. ZANN (*pro hac vice admission*)
lawren.zann@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954.527.2427
Facsimile: 954.333.4027

NOSSAMAN LLP
JAMES H. VORHIS (SBN 245034)
jvorhis@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:    415.398.3600
Facsimile:    415.398.2438

Attorneys for Defendant TOTAL MERCHANT SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOTAL MERCHANT SERVICES, LLC., a Delaware limited liability company,<br><br>Defendant. | Case No:  3:19-cv-05711<br><br>**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br>Date Action Filed: September 11, 2019 |

Defendant, TOTAL MERCHANT SERVICES, LLC ("Defendant" or "TMS"), by and through undersigned counsel, hereby files its responses and objections to the First Set of Interrogatories dated December 23, 2019, and served by Plaintiff, ABANTE ROOTER AND PLUMBING, INC. ("Plaintiff"), and states as follows:

**PRELIMINARY STATEMENT**

The following responses to the Interrogatories (the "Responses") are made solely for the purpose of this action. TMS has not completed its investigation of the facts relating to this case,

cellphone numbers such that TMS could even attempt to determine if Plaintiff was even contacted on such unredacted numbers in the first place.  TMS further objects to this Interrogatory to the extent it calls for a legal conclusion and speculation.  TMS further objects to the respective definitions of the terms "Describe," "Dialing Equipment," and "You" as set forth in General Objections B, C & D, *supra*.  TMS further objects to the term "Your" as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the Interrogatories.

**INTERROGATORY NO. 4:**  State the complete factual basis for Your contention, if any, that the Dialing Equipment You used (or a third-party used on Your behalf or for Your benefit) to place the calls to Plaintiff at issue in the Complaint did not have the capacity to store or generate phone numbers and to dial them.

**ANSWER:** TMS objects to this Interrogatory as a premature contention interrogatory filed before any, let alone substantial, discovery has taken place.  TMS further objects to this Interrogatory as argumentative to the extent the Interrogatory purports to assume certain facts or otherwise poses mere allegations as fact.  TMS further objects to this Interrogatory as vague and ambiguous in light of the multiple redacted cellphone numbers alleged in the Complaint, which impermissibly forces TMS to speculate as to Plaintiff's unredacted cellphone numbers such that TMS could even attempt to determine if Plaintiff was even contacted on such unredacted numbers in the first place.  TMS further objects to this Interrogatory and its inclusion of "complete factual basis" as overly broad and unduly burdensome on its face.  TMS further objects to this Interrogatory to the extent it calls for a legal conclusion and speculation.  TMS further objects to the respective definitions of the terms "Dialing Equipment" and "You" as set forth in General Objections C & D, *supra*.  TMS further objects to the term "Your" as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the Interrogatories.