# Exhibit C

GREENSPOON MARDER LLP
BETH-ANN KRIMSKY (*pro hac vice admission*)
beth-ann.krimsky@gmlaw.com
LAWREN A. ZANN (*pro hac vice admission*)
lawren.zann@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954.527.2427
Facsimile: 954.333.4027

NOSSAMAN LLP
JAMES H. VORHIS (SBN 245034)
jvorhis@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:    415.398.3600
Facsimile:    415.398.2438

Attorneys for Defendant TOTAL MERCHANT SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC, a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOTAL MERCHANT SERVICES, LLC., a Delaware limited liability company,<br><br>Defendant. | Case No: 3:19-cv-05711<br><br>**DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Date Action Filed: September 11, 2019 |

Defendant, TOTAL MERCHANT SERVICES, LLC ("Defendant" or "TMS"), by and through undersigned counsel, hereby serves its supplemental responses and objections to the First Set of Requests for Production ("Requests") dated December 23, 2019, and served by Plaintiff, ABANTE ROOTER AND PLUMBING, INC. ("Plaintiff"), and states as follows:

**PRELIMINARY STATEMENT**

The following supplemental responses and objections to the Requests (the "Responses") are made solely for the purpose of this action. TMS has not completed its investigation of the facts


**REQUEST NO. 3:** All Documents sufficient to Identify all Persons who You (or a third-party acting on Your behalf of for Your benefit) caused to be called on their cellphones, for the same purpose Plaintiff was called, using the same Dialing Equipment that was used to call the Plaintiff, where the Lead Information regarding such person was obtained through the same source through which Plaintiff's phone number and/or consent to call Plaintiff was obtained.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS did not place the alleged telephone calls to Plaintiff at issue in the Complaint. Plaintiff does not allege but merely advises TMS of Plaintiff's belief that a non-party named Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint purportedly on behalf of TMS. As such, TMS attempted to contact Triumph to seek to ascertain whether Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint, and, if so, the facts, circumstances, and documentation surrounding such alleged telephone calls. Triumph has not responded to TMS. Accordingly, TMS is not in possession of documents that may be responsive to this Request at this time.

The objections that apply to this continue as follows:

TMS objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to the extent it calls for a legal conclusion and speculation. TMS further objects to the phrase "sufficient to Identify" as vague and ambiguous. TMS further objects to this Request and its inclusion of "All Documents" as overly broad and unduly burdensome on its face. TMS further objects to the respective definitions of the terms "Dialing Equipment" and "You" as set forth in General Objections B & C, *supra*. TMS further objects to the capitalized term "Lead Information" as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the Requests. Instead, TMS interprets "Lead Information" to mean "contact information" in a good faith attempt to respond to this Request.

1  **REQUEST NO. 4:** For all Persons Identified in Documents produced in Your response to Request to Produce No. 3 above, all Documents sufficient to Identify the number of times You caused (or a third-party acting on Your behalf or for Your benefit caused) each such Person to be called, including the dates and times of all such calls.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS did not identify any Persons in response to Request No. 3. Accordingly, TMS is not in possession of documents that may be responsive to this Request at this time.

The objections that apply to this Request continue as follows:

TMS objects to this Request to the extent it calls for a legal conclusion and speculation. TMS further objects to the phrase "sufficient to Identify" as vague and ambiguous. TMS further objects to this Request and its inclusion of "all Documents" as overly broad and unduly burdensome on its face. TMS further objects to the definition of the term "You" as set forth in General Objection C, *supra.*

**REQUEST NO. 5:** All Documents sufficient to Identify Your complete contract or other arrangement or agreement with any third party from whom You obtained Plaintiff's phone number or consent to call Plaintiff or who called Plaintiff on Your behalf, for Your benefit, or under any contract or agreement with You.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS did not place the alleged telephone calls to Plaintiff at issue in the Complaint. Plaintiff does not allege but merely advises TMS of Plaintiff's belief that a non-party named Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint purportedly on behalf of TMS. As such, TMS contacted Triumph in an attempt to ascertain whether Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint, and, if so, the facts, circumstances, and documents surrounding such alleged telephone calls. Without conceding or otherwise admitting the propriety of Plaintiff's unalleged belief, TMS will produce any contracts between TMS and Triumph that are in TMS' possession.

The objections that apply to this continue as follows:

TMS objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to the extent it calls for a legal conclusion and speculation. TMS further objects to the phrase "sufficient to Identify" as vague and ambiguous. TMS further objects to this Request and its inclusion of "all Documents" as overly broad and unduly burdensome on its face. TMS further objects to the definition of the term "You" as set forth in General Objection C, *supra.*

**REQUEST NO. 6:** All Documents sufficient to Identify any third part(ies) from or through whom You obtained Lead Information regarding the Plaintiff including Your complete contract or other arrangement or agreement with any such third part(ies).

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS is not in possession of documents that may be responsive to this Request.

The objections that apply to this continue as follows:

TMS objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to the extent it calls for a legal conclusion and speculation. TMS further objects to the phrase "sufficient to Identify" as vague and ambiguous. TMS further objects to this Request and its inclusion of "All Documents" as overly broad and unduly burdensome on its face. TMS further objects to the definition of the term "You" as set forth in General Objection C, *supra.* TMS further objects to the capitalized term "Lead Information" as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the Requests. Instead, TMS interprets "Lead Information" to mean "contact information" in a good faith attempt to respond to this Request.

**REQUEST NO. 7:** All Documents sufficient to Identify any third part(ies) from or through whom You obtained Lead Information regarding any Person besides the Plaintiff who You (or any third party acting on Your behalf of For Your benefit) caused to be called on the Person's cellphone for

1 the same purpose for which Plaintiff was called using the same Dialing Equipment that was used
2 to call the Plaintiff.
3 **SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS
4 is not in possession of documents that may be responsive to this Request.
5     The objections that apply to this continue as follows:
6     TMS objects to this Request as argumentative to the extent the Request purports to assume
7 certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to
8 the extent it calls for a legal conclusion and speculation. TMS further objects to the phrase
9 "sufficient to Identify" as vague and ambiguous. TMS further objects to this Request and its
10 inclusion of "All Documents" as overly broad and unduly burdensome on its face. TMS further
11 objects to the respective definitions of the terms "Dialing Equipment" and "You" as set forth in
12 General Objections B & C, *supra*. TMS further objects to the capitalized term "Lead Information"
13 as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the
14 Requests. Instead, TMS interprets "Lead Information" to mean "contact information" in a good
15 faith attempt to respond to this Request.
16
17 **REQUEST NO. 8:** All emails exchanged between You and any lead source, or between You and
18 any other third person, from or through whom You obtained Lead Information regarding Plaintiff
19 or any other Person who You called for the same purpose for which Plaintiff was called using the
20 same Dialing Equipment that was used to call the Plaintiff.
21 **SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS
22 is not in possession of documents that may be responsive to this Request.
23     The objections that apply to this Request continue as follows:
24     TMS objects to this Request as argumentative to the extent the Request purports to assume
25 certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to
26 the extent it calls for a legal conclusion and speculation. TMS further objects to the respective
27 definitions of the terms "Dialing Equipment" and "You" as set forth in General Objections B &
28

1  C, *supra*. TMS further objects to the capitalized term "Lead Information" as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the Requests. Instead, TMS interprets "Lead Information" to mean "contact information" in a good faith attempt to respond to this Request.

**REQUEST NO. 9:** All Documents sufficient to Identify the Dialing Equipment that was used to make any call(s) to Plaintiff.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS did not place the alleged telephone calls to Plaintiff at issue in the Complaint. Plaintiff does not allege but merely advises TMS of Plaintiff's belief that a non-party named Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint purportedly on behalf of TMS. As such, TMS attempted to contact Triumph to seek to ascertain whether Triumph placed the alleged telephone calls to Plaintiff at issue in the Complaint, and, if so, the facts, circumstances, and documentation surrounding such alleged telephone calls. Triumph has not responded to TMS. Accordingly, TMS is not in possession of documents that may be responsive to this Request at this time.

The objections that apply to this Request continue as follows:

TMS objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to the extent it calls for speculation. TMS further objects to the phrase "sufficient to Identify" as vague and ambiguous. TMS further objects to the definition of the term "Dialing Equipment" as set forth in General Objection B, *supra*.

**REQUEST NO. 10:** All Documents sufficient to Identify the purpose of all calls that were made to Plaintiff.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS did not place the alleged telephone calls to Plaintiff at issue in the Complaint. Plaintiff does not

1  for purposes of this action.  To the extent TMS responds to this Request, TMS will only produce
2  documents in its possession, if any, concerning the purported, but unalleged, activity of Triumph.
3  TMS further objects to the phrase "sufficient to Identify" and the term "coding" as vague and
4  ambiguous.  TMS further objects to this Request and its inclusion of "All Documents" as overly
5  broad and unduly burdensome on its face.  TMS further objects to the definition of the term "You"
6  as set forth in General Objection C, *supra*.  TMS further objects to this Request to the extent it
7  seeks to intrude upon the attorney-client communications privilege and the attorney work-product
8  doctrine.

10 **REQUEST NO. 18:** All Documents sufficient to Identify any Persons who You caused (or a third
11 party acting on Your behalf or for Your benefit caused) to be called after the persons had requested
12 to no longer receive such calls, including all Documents sufficient to Identify the number of calls
13 made to each such person after their do not call request and the dates of all such calls.
14 **SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS
15 does not place telemarketing calls as assumed by this Request.  Notwithstanding the foregoing and
16 in light of Plaintiff's unalleged belief that a non-party named Triumph placed the alleged telephone
17 calls to Plaintiff at issue in the Complaint purportedly on behalf of TMS, as such, TMS attempted
18 to contact Triumph to seek to ascertain whether Triumph placed the alleged telephone calls to
19 Plaintiff at issue in the Complaint, and, if so, the facts, circumstances, and documentation
20 surrounding such alleged telephone calls.  Triumph has not responded to TMS.  Accordingly, TMS
21 is not in possession of documents that may be responsive to this Request at this time.
22        The objections that apply to this Request continue as follows:
23        TMS objects to this Request as argumentative to the extent the Request purports to assume
24 certain facts or otherwise poses mere allegations as fact.  TMS further objects to this Request as
25 irrelevant, not proportional to the needs of the case, overbroad, and unduly burdensome in that it
26 is not limited in scope or refined to the issues framed by the pleadings.  To the extent TMS responds
27 to this Request, TMS will only provide documents concerning the purported, but unalleged,

1  activity of Triumph.  TMS further objects TMS objects to the phrase "sufficient to Identify" as
2  vague and ambiguous.  TMS further objects to this Request and its inclusion of "All Documents"
3  as overly broad and unduly burdensome on its face.  TMS further objects to this Request to the
4  extent it calls for a legal conclusion and speculation.  TMS further objects to the definition of the
5  term "You" as set forth more fully in General Objection C, *supra*.

7  **REQUEST NO. 19:**  All Documents sufficient to Identify any training of Your personnel in the
8  existence and use of any Internal Do Not Call List or related procedures that You have caused to
9  be maintained.

10  **SUPPLEMENTAL RESPONSE:** Subject to and without waiving the following objections, TMS
11  does not place telemarketing calls as assumed by this Request.  Notwithstanding the foregoing and
12  in light of Plaintiff's unalleged belief that a non-party named Triumph placed the alleged telephone
13  calls to Plaintiff at issue in the Complaint purportedly on behalf of TMS, as such, TMS attempted
14  to contact Triumph to seek to ascertain whether Triumph placed the alleged telephone calls to
15  Plaintiff at issue in the Complaint, and, if so, the facts, circumstances, and documentation
16  surrounding such alleged telephone calls.  Triumph has not responded to TMS.  Accordingly, TMS
17  is not in possession of documents that may be responsive to this Request at this time.

18   The objections that apply to this Request continue as follows:

19   TMS objects to this Request as argumentative to the extent the Request purports to assume
20  certain facts or otherwise poses mere allegations as fact.  TMS further objects to this Request as
21  irrelevant and overbroad in that it is not limited in scope.  Specifically, Plaintiff contends a non-
22  party named Triumph, and not TMS, placed the telephone calls to Plaintiff at issue in the
23  Complaint.  Thus, the policies of TMS as it relates to "Internal Do Not Call Lists" are not relevant
24  for purposes of this action.  To the extent TMS responds to this Request, TMS will only produce
25  documents in its possession, if any, concerning the purported, but unalleged, activity of Triumph.
26  TMS further objects to the phrases "sufficient to Identify" and "related procedures" as vague and
27  ambiguous.  TMS further objects to this Request and its inclusion of "All Documents" as overly

1  broad and unduly burdensome on its face.  TMS further objects to the definition of the term "You"
2  as set forth in General Objection C, *supra*.  TMS further objects to this Request to the extent it
3  seeks to intrude upon the attorney-client communications privilege and the attorney work-product
4  doctrine.

6  **REQUEST NO. 21:**  All Documents sufficient to Identify any Persons whose phone numbers
7  were registered on the National Do Not Call Registry for at least thirty (30) days who You caused
8  (or a third party acting on Your behalf or for Your benefit caused) to be called at least twice in any
9  12-month period.

10 **SUPPLEMENTAL RESPONSE:**  Subject to and without waiving the following objections, TMS
11 does not place telemarketing calls as assumed by this Request.  Notwithstanding the foregoing and
12 in light of Plaintiff's unalleged belief that a non-party named Triumph placed the alleged telephone
13 calls to Plaintiff at issue in the Complaint purportedly on behalf of TMS, as such, TMS attempted
14 to contact Triumph to seek to ascertain whether Triumph placed the alleged telephone calls to
15 Plaintiff at issue in the Complaint, and, if so, the facts, circumstances, and documentation
16 surrounding such alleged telephone calls, including its calling records.  Triumph has not responded
17 to TMS.  Accordingly, TMS is not in possession of documents responsive to this Request at this
18 time.

19           The objections that apply to this Request continue as follows:

20           TMS objects to this Request as argumentative to the extent the Request purports to assume
21 certain facts or otherwise poses mere allegations as fact.  TMS further objects to this Request as
22 irrelevant, not proportional to the needs of the case, overbroad, and unduly burdensome in that it
23 is not limited in scope or refined to the issues framed by the pleadings.  To the extent TMS responds
24 to this Request, TMS will only provide documents concerning the purported, but unalleged,
25 activity of Triumph. TMS further objects to this Request to the extent it calls for a legal conclusion
26 and speculation.   TMS further objects to the phrase "sufficient to Identify" as vague and
27 ambiguous. TMS further objects to this Request and its inclusion of "All Documents" as overly

broad and unduly burdensome on its face.  TMS further objects to the definition of the term "You" as set forth in General Objection C, *supra*.

**REQUEST NO. 25:**  All contracts or written understandings between You and Triumph Merchant Solutions.

**SUPPLEMENTAL RESPONSE:**  Subject to and without waiving the following objections, TMS will produce documents that may be responsive to this Request.

The objections that apply to this Request continue as follows:

TMS further objects to the phrase "written understandings" as vague and ambiguous.  TMS further objects to the definition of the term "You" as set forth in General Objection C, *supra*.

**REQUEST NO. 26:**  All Communications between You and Triumph Merchant Solutions regarding the placement of telemarketing calls on Your behalf or for Your benefit.

**SUPPLEMENTAL RESPONSE:**  Subject to and without waiving the following objections, TMS will produce documents that may be responsive to this Request.

TMS objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact.  TMS further objects to this Request to the extent it calls for a legal conclusion and speculation.  TMS further objects to this Request and its inclusion of "All Communications" as overly broad and unduly burdensome on its face.  TMS further objects to the respective definitions of the term "You" as set forth in General Objection C, *supra*.

**REQUEST NO. 27:**  All Communications between You and Triumph Merchant Solutions regarding Your Internal Do Not Call List.

**SUPPLEMENTAL RESPONSE:**  Subject to and without waiving the following objections, TMS directs Plaintiff to Supplemental Response No. 26.

The objections that apply to this Request continue as follows: