# Exhibit D

GREENSPOON MARDER LLP
BETH-ANN KRIMSKY (*pro hac vice admission*)
beth-ann.krimsky@gmlaw.com
LAWREN A. ZANN (*pro hac vice admission*)
lawren.zann@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954.527.2427
Facsimile: 954.333.4027

NOSSAMAN LLP
JAMES H. VORHIS (SBN 245034)
jvorhis@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:    415.398.3600
Facsimile:    415.398.2438

Attorneys for Defendant TOTAL MERCHANT SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC, a California corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOTAL MERCHANT SERVICES, LLC., a Delaware limited liability company,<br><br>Defendant. | Case No: 3:19-cv-05711<br><br>**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Date Action Filed: September 11, 2019 |

Defendant, TOTAL MERCHANT SERVICES, LLC ("Defendant" or "TMS"), by and through undersigned counsel, hereby files its responses and objections to the First Set of Requests for Production ("Requests") dated December 23, 2019, and served by Plaintiff, ABANTE ROOTER AND PLUMBING, INC. ("Plaintiff"), and states as follows:

**PRELIMINARY STATEMENT**

The following responses to the Requests (the "Responses") are made solely for the purpose of this action. TMS has not completed its investigation of the facts relating to this case, discovery

1     The objections that apply to this Request continue as follows:

2     TMS objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to the extent it calls for a legal conclusion and speculation. TMS further objects to the phrase "sufficient to Identify" as vague and ambiguous. TMS further objects to this Request and its inclusion of "All Documents" as overly broad and unduly burdensome on its face. TMS further objects to the definition of the term "You" as set forth in General Objection C, *supra*. TMS further objects to the capitalized term "Your" as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the Requests.

**REQUEST NO. 22:** Of the Persons identified in the Documents produced in response to Request to Produce No. 21 above, all Documents sufficient to Identify any Persons who requested not to be called.

**ANSWER:** Subject to and without waiving the following objections, TMS did not produce any Documents in response to Request No. 21. Accordingly, TMS is not in possession of documents responsive to this Request.

The objections that apply to this Request continue as follows:

TMS objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to the extent it calls for a legal conclusion and speculation. TMS further objects to the phrase "sufficient to Identify" as vague and ambiguous. TMS further objects to this Request and its inclusion of "all Documents" as overly broad and unduly burdensome on its face.

**REQUEST NO. 23:** Of the Persons identified in the Documents produced in response to Request to Produce No. 22 above, all Documents sufficient to Identify phone numbers You caused (or a third party acting on Your behalf or for Your benefit caused) to be called at least once more than thirty (30) days after the Person requested to no longer be called.

**ANSWER:** Subject to and without waiving the following objections, TMS did not produce any Documents in response to Request No. 22. Accordingly, TMS is not in possession of documents responsive to this Request.

The objections that apply to this Request continue as follows:

TMS objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to the extent it calls for a legal conclusion and speculation. TMS further objects to the phrase "sufficient to Identify" as vague and ambiguous. TMS further objects to this Request and its inclusion of "all Documents" as overly broad and unduly burdensome on its face. TMS further objects to the definition of the term "You" as set forth in General Objection C, *supra*. TMS further objects to the capitalized term "Your" as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the Requests. TMS further objects to the misstatement of the law contained in this Request.

**REQUEST NO. 24:** For all Persons Identified in Documents produced in response to Request No. 23 above, all Documents sufficient to Identify all such Persons who You caused (or a third party acting on Your behalf or for Your benefit caused) to be called for the same purpose You caused (or a third party acting on Your behalf or for Your benefit caused) Plaintiff to be called using the Dialing Equipment that was used to call the Plaintiff.

**ANSWER:** Subject to and without waiving the following objections, TMS did not produce any Documents in response to Request No. 23. Accordingly, TMS is not in possession of documents responsive to this Request.

The objections that apply to this Request continue as follows:

TMS objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to the extent it calls for a legal conclusion and speculation. TMS further objects to the phrase "sufficient to Identify" as vague and ambiguous. TMS further objects to this Request and its

inclusion of "all Documents" as overly broad and unduly burdensome on its face. TMS further objects to the respective definitions of the terms "Dialing Equipment" and "You" as set forth in General Objections B & C, *supra*. TMS further objects to the capitalized term "Your" as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the Requests.

**REQUEST NO. 25:** All contracts or written understandings between You and Triumph Merchant Solutions.

**ANSWER:** TMS objects to this Request as irrelevant, not proportional to the needs of this case, and overly broad in that it is not limited in scope, particularly, where, as here, TMS's business relationship with "Triumph Merchant Solutions," if any at all, including "all" of TMS's contracts with "Triumph Merchant Solutions," is not only not at issue but also includes subject matters unrelated to the TCPA. TMS further objects to the phrase "written understandings" as vague and ambiguous. TMS further objects to the definition of the term "You" as set forth in General Objection C, *supra*.

**REQUEST NO. 26:** All Communications between You and Triumph Merchant Solutions regarding the placement of telemarketing calls on Your behalf or for Your benefit.

**ANSWER:** TMS objects to this Request as irrelevant, not proportional to the needs of this case, and overly broad in that it is not limited in scope, particularly, where, as here, TMS's business relationship with "Triumph Merchant Solutions," if any at all, is not at issue. TMS further objects to this Request as argumentative to the extent the Request purports to assume certain facts or otherwise poses mere allegations as fact. TMS further objects to this Request to the extent it calls for a legal conclusion and speculation. TMS further objects to this Request and its inclusion of "All Communications" as overly broad and unduly burdensome on its face. TMS further objects to the respective definitions of the term "You" as set forth in General Objection C, *supra*. TMS further objects to the capitalized term "Your" as vague and ambiguous, particularly where, as here, the capitalized term is not defined by the Requests.