UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>TOTAL MERCHANT SERVICES, LLC, <br><br>　　　　Defendant. | Case No. 19-cv-05711-EMC (TSH) <br><br>**DISCOVERY ORDER** <br>Re: Dkt. No. 51 |

　　We are here on a joint discovery letter brief in which Plaintiff Abante Rooter and Plumbing, Inc. ("Abante") moves to compel Defendant Total Merchant Services, LLC ("TMS") to provide further responses to interrogatories ("rogs") 3-4, 7-8, 10-12, and 15-16, and requests for production ("RFPs") 3-9, 18, and 21-24. The Court held a Zoom videoconference hearing yesterday and now issues this order.

　　This is a Telephone Consumer Protection Act case, and if all you did was read the Complaint, you would probably think that TMS made the calls at issue. But TMS says that it didn't. Rather, TMS asserts that about 2,000 third parties during the relevant time period did the actual telemarketing, and in situations where they successfully landed a customer, that fact gets reported to TMS, which knows which third party brought in which customer. But TMS says it doesn't dictate who the third parties should call or how, and if a call does not result in getting a customer, TMS has no idea who was called. Of course, these are just TMS's factual assertions, but neither in the letter brief nor at the hearing did Abante refer to evidence that the facts are otherwise, nor did Abante seem to dispute (at least for now) that this is generally how things worked.

　　The main issue in dispute is what obligation TMS has in terms of information it must

collect and documents it must produce in responding to Abante's rogs and RFPs. For rogs, TMS was obligated to "furnish the information available to" it. Fed. R. Civ. Proc. 33(b)(1)(B). This means "[t]he person responding on behalf of the entity is under a duty *to obtain and provide* nonprivileged information known to *anyone* in the entity's employ or over whom it has *control*." Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Ed., ch. 11 § 11:1747 (emphasis original). For RFPs, TMS must produce documents in its "possession, custody, or control . . ." Fed. R. Civ. Proc. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the *legal right* to obtain the property on demand." Rutter Guide, § 11:1826 (emphasis original). "A party has no obligation to obtain records from nonparty independent contractors." *Id*. § 11:1827.1.

The specific question presented here is what those legal standards mean for information unknown to or documents not possessed by TMS itself but that are known to or possessed by the 2,000 or so third parties who conducted the telemarketing at issue.

Sometimes it is obvious that company A has control over third party B. A common example is when a party is the parent of a subsidiary nonparty. Another is when a party's documents are in the physical possession of a third party that by convention is merely a custodian and is duty bound to turn them over or provide access to the party, such as a law firm holding a client file, a bank with a safe deposit box rented by the litigant, or a cloud storage provider hosting a customer's documents.

But other times it's not at all clear that company A controls third party B. It's not enough to say that the third party's conduct benefits the company because all of the company's business dealings are presumably for its own benefit. And doing business with someone, even a lot of business, does not cause two companies to become one or cause one of the companies to become the agent of the other. A grocery store is nothing without its suppliers, but an RFP served on the store is unlikely to yield evidence about how the suppliers procure goods because the store doesn't know, doesn't care, and isn't obliged to ask. Courts have to be careful before they say that company A's discovery obligations include everything known to or possessed by third party B –

because if A can't actually get that information or those documents, that order becomes a setup for spoliation and sanctions.

Here, Abante presents no reason to think that TMS has sufficient control or legal rights over the third parties such that their knowledge is available to TMS or their documents are within TMS's ability to obtain. Indeed, Abante's assertion that TMS has the requisite control or legal rights seems to consist of using the word "agent" a lot, with no proof that the third parties really are TMS's agents and no other evidence of control or legal rights. The Court really has no basis to think that TMS's obligations under Rules 33 and 34 extend to information known only to or documents possessed only by the third parties that TMS had a business relationship with. Of course, this is just an interim discovery ruling, and if Abante makes a showing in the future that justifies the conclusion that TMS's discovery obligations extend to these third parties, the Court will feel free to revisit this holding. But for now, on the current record, the Court is unable to conclude that information known only to the third parties is "available" to TMS, *see* Fed. R. Civ. Proc. 33(b)(1)(B), or that documents the third parties have are within TMS's "possession, custody, or control," Fed. R. Civ. Proc. 34(a)(1).

To be clear, nothing in this order limits TMS's obligation to review its own records and interview its own employees and agents to obtain responsive information or documents. Responsive information or documents that TMS has do not become unresponsive or irrelevant merely because they are *about* something a third party did. At the hearing, TMS stated that it has done this internal investigation and simply doesn't have the information and documents Abante seeks because only the third parties have it, if even they do.

The Court turns, then, to the specific rogs and RFPs at issue.

**Rog 3**. TMS's answer is deficient. TMS states that it did not place any calls "to Plaintiff," but the rog asks about "the calls at issue in the Complaint," which alleges a class action that is not at all limited to the named Plaintiff. TMS does state that it is unaware of the dialing equipment that Triumph used to contact Plaintiff, but the rog is not limited to either Triumph or Plaintiff. TMS must answer the rog as drafted in its full breadth, even if that consists of simply listing information that TMS does not know.

**Rog 4**. TMS's response is defective because TMS does not answer the rog at all. If the truthful answer is that TMS did not make the calls to Abante and does not have any information about the dialing equipment used by those who did, TMS must say that.

**Rog 7**. TMS answered only a small part of rog 7, by stating that it did not place any calls to Plaintiff. However, the rog is not limited to calls to Plaintiff or calls by TMS. TMS must answer the full breadth of this rog, even if that consists of disclaiming knowledge.

**Rog 8**. TMS's response is satisfactory, unless the forthcoming amendment to the response to rog 7 changes the necessary response to rog 8.

**Rog 10**. TMS does not fully answer this rog. It must state whether calls by Quality Merchant Services, Inc. and Triumph were on TMS's behalf or for its benefit. TMS must also identify "all" such third parties, not just some. If TMS does not know of any more than these two, it must say so.

**Rogs 11 and 12**. TMS's responses are defective. If the answer is that TMS does not know of any, it must say so.

**Rogs 15 and 16**. TMS has responded to only part of each rog. The rogs are not limited to calls by TMS itself, and the requested information is not the identification of a third party. TMS must answer what was asked, even if the answer is that it doesn't know.

**RFPs 3-4, 6-9, 18, 21-24**. Right now TMS's responses are deficient because they deny possession of responsive documents but do not indicate if TMS has any of them in its custody or control.

**RFP 5**. TMS's response is fine except that it must state that it will produce documents that are in its custody or control, not just those in its possession.

The Court orders TMS to revise its discovery responses to correct the above defects within 30 days.

**IT IS SO ORDERED.**

Dated: July 17, 2020

THOMAS S. HIXSON
United States Magistrate Judge