Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Alleged Classes*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:19-cv-05711-EMC<br><br>**MOTION FOR EXTENSION OF ALL REMAINING DISCOVERY DEADLINES**<br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5<br>Complaint Filed: September 11, 2019 |

Pursuant to Local Civil Rule 6-3, Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Abante") respectfully requests that the Court issue an Order extending all remaining discovery deadlines by three (3) months. In support of the instant motion, Plaintiff states as follows:

1. Plaintiff's counsel conferred with counsel for Defendant Total Merchant Services, LLC ("Defendant" or "TMS") regarding the request for an extension. Defendant's counsel responded that Defendant opposes the requested extension. (*See* Declaration of Taylor T. Smith ("Smith Decl."), a true and accurate copy of which is attached hereto as Exhibit A.)

2. Just over one year ago, on September 11, 2019, Plaintiff filed the instant action against Defendant alleging wide-scale violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). (Dkt. 1.)

3. To date, Plaintiff has worked diligently to gather the information needed to litigate this case.

4. On December 23, 2019, Plaintiff served its First Set of Discovery Requests on Defendant, including Plaintiff's First Set of Interrogatories and First Set of Requests for Production. (Smith Decl. ¶ 5.) On February 5, 2020, TMS served its responses to Plaintiff's First Set of Discovery Requests, which were later supplemented on March 30, 2020. (*Id.*) TMS produced some responsive documents on June 18, 2020, following the entry of the Parties' Stipulated Protective Order (dkt. 42). (*Id.*)

5. Also on December 23, 2019, TMS served its First Set of Discovery Responses on Plaintiff, which included Interrogatories and Requests for Production. (*Id.* ¶ 6.) Plaintiff served its responses and document production on February 5, 2020, which it later supplemented on April 23, 2020. (*Id.*) On May 19, 2020, Plaintiff served its Second Set of Discovery Requests. (*Id.* ¶ 7.) On June 19, 2020, TMS served its responses. (*Id.*)

6. On June 25, 2020, the Court held a case management conference and extended the Parties' deadlines to complete non-expert class discovery until November 27, 2020 and ordered Plaintiff's motion for class certification to be filed by November 11, 2020 together with corresponding deadlines. (Dkt. 50; *see also* Smith Decl. ¶ 8.)

7. Shortly after the case management conference, on July 10, 2020, the Parties filed a joint discovery dispute letter with the Court. (Dkt. 51.) On July 16, 2020, the Parties appeared before Magistrate Judge Thomas S. Hixon for a hearing on the discovery dispute. (Dkt. 53.) On July 17, 2020, the Court issued its Order regarding the dispute. (Dkt. 54.) Since this time, the Parties have informally resolved additional disputes. (Smith Decl. ¶ 11.)

8. Plaintiff has also issued numerous subpoenas. (Smith Decl. ¶¶ 12-16.) On July 2, 2020, Plaintiff issued a subpoena directed to Quality Merchant Services, Inc., which was later withdrawn. (*Id.* ¶ 13.) On July 17, 2020, Plaintiff issued a subpoena to produce documents on Christopher Judy, an agent of TMS that Plaintiff identified as having placed some of the calls to Plaintiff. (*Id.* ¶ 14.) Following discussions, Plaintiff agreed to extend the deadline for Mr. Judy to produce documents until September 11, 2020 and issued a subpoena on Mr. Judy to testify at a deposition. (*Id.*) Mr. Judy's document production identified a third-party caller located in Prishtine, Kosovo as the individual who placed the calls to Plaintiff. This creates additional

problems for Plaintiff as it continues to locate all necessary documents and information.

9. Throughout this time, Plaintiff has also worked to serve subpoenas directed to Triumph Merchant Solutions, LLC ("Triumph"). (*Id.* ¶ 15.) Plaintiff identified Triumph as another one of the entities which placed some of the calls to Plaintiff at issue in this case. (*Id.*) TMS has asserted that any calls related to Triumph would have been placed by Triumph and that the relevant call records regarding calls placed by Triumph are within Triumph's possession. (*Id.*)

10. On February 4, 2020, Plaintiff issued a Subpoena to Testify at a Deposition in a Civil Action and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Triumph Subpoenas"). (*Id.* ¶ 16.) The Triumph Subpoenas were served on February 13, 2020. (*Id.*) Triumph refused to respond to the subpoenas in any fashion and ignored Plaintiff's counsel's repeated communication attempts. (*Id.*)

11. As a result of Triumph's failure to respond to the subpoenas Plaintiff filed a subpoena enforcement action in the Southern District of California. *See Abante Rooter and Plumbing, Inc. v. Triumph Merchant Solutions, LLC*, Case No. 3:20-cv-00754-JAH-BLM (S.D. Cal. filed April 21, 2020). Triumph ignored the subpoena enforcement action as well. *See id.* On June 18, 2020, the Southern District of California issued an Order Compelling Triumph to produce all responsive documents within its possession within two weeks of being served with a copy of the Order. (*Id.*, Dkt. 10 at pg. 6.) The Court further ordered Triumph to contact Plaintiff's counsel within two weeks of being served with a copy of the Order to schedule a deposition. (*Id.*)

12. On June 18, 2020, Plaintiff served a copy of the Order on Triumph. (Smith Decl. ¶ 19.) That same evening, Triumph's counsel, Brandon M. Smith, reached out to Plaintiff's counsel regarding the Order compelling compliance. (*Id.*) On July 2, 2020, Triumph's counsel provided Plaintiff with additional information—including that it only placed calls on behalf of TMS during the subject time period, that it utilized a "Vicidial" dialing system, and that it obtained lead information from InfoFree. (*Id.* ¶ 20.) At the same time, Triumph's counsel requested information regarding the format for producing its call logs. (*Id.*) Triumph then represented that it would produce the call records by Tuesday, July 14, 2020. (*Id.*) Based on the information provided, Plaintiff issued a subpoena to produce documents and to permit inspection of the dialing system

MOTION FOR EXTENSION OF
ALL REMAINING DEADLINES

3

on Fextel, Inc. d/b/a Vicidial. (*Id.* ¶ 21.)

13. On July 16, 2020, having received no documents, Plaintiff's counsel followed up with Triumph to understand the delay. Triumph's counsel responded that Triumph needed to obtain its agreement with TMS to confirm when Triumph began placing calls for TMS. (*Id.* ¶ 22.) Plaintiff immediately provided the necessary contract to Triumph's lawyers. (*Id.*) After receiving the contract, Triumph's counsel then stated that his client was exporting the information. (*Id.* ¶ 23.) Triumph then went silent. (*Id.*) Nevertheless, Plaintiff's counsel continued to attempt to communicate with Triumph regarding the production. (*Id.*)

14. On July 28, 2020, Triumph produced its document production comprised of 10,913 pages of calling records. (Smith Decl. ¶ 24.) Rather than produce the records in native format, they were produced in static, unsearchable .pdf files. (*Id.*) And Triumph still had not provided dates of availability for a deposition. (*Id.*) On August 3, 2020, Triumph agreed to produce the remaining documents and to provide dates for both an inspection of its dialer as well as for a deposition. (*Id.* ¶ 25.) Despite numerous follow-up attempts, Triumph again became non-responsive. (*Id.*) Around this time, Plaintiff began preparing a Motion for Contempt Sanctions to be filed against Triumph. (*Id.*)

15. Eventually, on August 25, 2020, Triumph's counsel produced its calling records in its native format and provided dates for an inspection and deposition, which have been scheduled for September 24, 2020 and September 25, 2020 respectively. (*Id.* ¶ 26.) On examination, it appears that the native format call records are incomplete, and Plaintiff is still working to obtain the complete records. (*Id.*)

16. Further, **and for the first time on August 25, 2020**, Triumph identified "Pound Team" as the third-party that supposedly built and hosts the server that operates Triump's dialing system. (*Id.* ¶ 27.) Triumph has informed Plaintiff that the server is located in Tijuana, Mexico. (*Id.*) On September 2, 2020, Plaintiff issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to PoundTeam, Inc. ("PoundTeam"). (*Id.* ¶ 28.)

17. Unfortunately, Plaintiff's efforts to comply with the previously scheduled

deadlines were frustrated by acts outside of its control. The primary cause of the delay has been Triumph's late production of documents—which were produced roughly two months after they were due—and its refusal to make itself available for a deposition until late-September. This also delayed the deposition of TMS since it makes little sense to depose TMS's representative(s) absent the call records. Moreover, Triumph only recently disclosed that PoundTeam created and hosts its dialing system. While Plaintiff has issued a subpoena directed to PoundTeam, it is unclear when it will be able to conduct an inspection of the server and dialing system. This uncertainty is compounded by the fact that the server may be located in Tijuana, Mexico, which is subject to COVID-19 travel restrictions (among other issues).

18. Vicidial has also confirmed that the specific dialing system used by Triumph and any related calling records would be in the possession of PoundTeam. (Smith Decl. ¶ 29.)

19. Additionally, there is much discovery that remains outstanding. Plaintiff served its Notice of Rule 30(b)(6) Deposition on TMS on August 24, 2020, and the parties have not yet agreed to a date for the deposition, which will likely occur in early-November. (*Id.* ¶ 30.) Plaintiff also served a third set of discovery requests on TMS with responses due on September 30, 2020. (*Id.* ¶ 32.) Plaintiff has also been conferencing with Christopher Judy's counsel regarding his availability for a deposition. (*Id.* ¶ 14.) Plaintiff has also not yet been deposed by TMS. (*Id.* ¶ 31.)

20. Finally, Plaintiff will also need to conduct some expert discovery prior to filing its motion for class certification. (*Id.* ¶ 33.) An expert will be necessary to identify which of Triumph's calls were directed to cellphones and which were directed to landlines. (*Id.*)

21. In short, a brief three (3) month extension of the remaining discovery deadlines is necessary to enable the parties to complete all outstanding discovery. The current delay hasn't been caused by Plaintiff's failure to diligently prosecute the case. Indeed, just the opposite is true: despite best efforts to hunt down the data necessary to present this Court with a complete record upon which class certification may be adjudicated, Plaintiff has been unable to gather all of the required information. A brief extension as requested will allow Plaintiff to do that.

WHEREFORE, Plaintiff respectfully requests that the Court issue an Order extending all remaining discovery deadlines by three (3) months.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: September 14, 2020 | **ABANTE ROOTER AND PLUMBING, INC.**, individually and on behalf of all others similarly situated, |
| | By: /s/ *Taylor T. Smith* |
| |    One of Plaintiff's Attorneys |
| | Richard T. Drury (SBN 163559) |
| | richard@lozeaudrury.com |
| | Rebecca Davis (SBN 271662) |
| | rebecca@lozeaudrury.com |
| | LOZEAU DRURY LLP |
| | 1939 Harrison St., Suite 150 |
| | Oakland, CA 94607 |
| | Telephone: (510) 836-4200 |
| | Facsimile: (510) 836-4205 |
| | |
| | Steven L. Woodrow (*admitted pro hac vice*) |
| | swoodrow@woodrowpeluso.com |
| | Patrick H. Peluso (*admitted pro hac vice*) |
| | ppeluso@woodrowpeluso.com |
| | Taylor T. Smith (*admitted pro hac vice*) |
| | tsmith@woodrowpeluso.com |
| | Woodrow & Peluso, LLC |
| | 3900 E. Mexico Ave., Suite 300 |
| | Denver, Colorado 80210 |
| | Tel: 720-907-7628 |
| | |
| | Attorneys for Plaintiff and the Classes |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via Court's ECF system on September 14, 2020.

/s/ Taylor T. Smith