# Exhibit A

Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Alleged Classes*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:19-cv-05711-EMC<br><br>**DECLARATION OF TAYLOR T. SMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF ALL REMAINING DISCOVERY DEADLINES**<br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5<br>Complaint Filed: September 11, 2019 |

I, Taylor T. Smith, declare as follows:

1. I am an associate attorney with the law firm Woodrow & Peluso, LLC and an attorney of record for Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Abante").

2. I certify that Plaintiff's counsel conferred via email with counsel for Defendant Total Merchant Services, LLC ("Defendant" or "TMS") regarding the requested extension. TMS's counsel stated that TMS opposes the requested extension.

3. On September 11, 2019, Plaintiff filed the instant action against Defendant alleging wide-scale violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

*seq.* ("TCPA" or "Act"). (Dkt. 1.) Specifically, its prohibition against placing unsolicited telemarketing calls using an automatic telephone dialing system ("ATDS"). (*Id.*)

4. On January 14, 2020, this Court entered its Initial Scheduling Order, which set the following discovery related deadlines:

    a. Plaintiff's Motion for Class Certification: August 13, 2020;

    b. Deadline to Complete Class Discovery: August 28, 2020;

    c. Defendant's Opposition to Class Certification: September 3, 2020;

    d. Plaintiff's Reply in support of Class Certification: September 10, 2020; and

    e. Hearing on Motion for Class Certification: September 24, 2020.

(Dkt. 37.)

5. Plaintiff had already served its First Set of Discovery Requests on Defendant—including Interrogatories and Requests for Production—back on December 23, 2019. On February 5, 2020, TMS served its responses to Plaintiff's First Set of Discovery Requests. On February 20, 2020, Plaintiff served a discovery dispute letter, which addressed deficiencies in TMS's responses. The Parties then conferred regarding TMS's responses and TMS agreed to supplement its responses. On March 30, 2020, TMS provided its supplemental responses to discovery. At that time, TMS withheld all responsive documents citing the need for protective order. On June 18, 2020, after the Court issued an Order granting the Parties' Stipulated Protective Order (dkt. 42), TMS produced its responsive documents.

6. Also on December 23, 2019, TMS served its First Set of Discovery Responses on Plaintiff—including Interrogatories and Requests for Production. Plaintiff served its responses to TMS's discovery on February 5, 2020, along with its responsive documents. Thereafter, the Parties conferred and Plaintiff agreed to supplement its responses. On April 23, 2020, Plaintiff provided its supplemental responses to TMS's discovery requests.

7. On May 19, 2020, Plaintiff served its Second Set of Discovery Requests—including additional Interrogatories and Requests for Production. On June 19, 2020, TMS served its responses to Plaintiff's Second Set of Discovery Requests.

8. On June 26, 2020, following the Parties' subsequent case management conference, the Court extended the following discovery deadlines:

    a. Plaintiff's Motion for Class Certification: November 11, 2020;

    b. Deadline to Complete Class Discovery: November 27, 2020;

    c. Defendant's Opposition to Class Certification: December 2, 2020;

    d. Plaintiff's Reply in support of Class Certification: December 9, 2020; and

    e. Hearing on Motion for Class Certification: January 7, 2021, at 1:30 p.m.

(Dkt. 50.)

9. On July 10, 2020, the Parties filed a joint discovery dispute letter with the Court. (Dkt. 51.) The dispute centered on whether TMS's discovery obligations extended to obtaining documents and information that are not simply in its immediately possession, but also those documents in the possession, custody, and control of its agents. (*Id.*)

10. On July 16, 2020, the Parties appeared before Magistrate Judge Thomas S. Hixon for a hearing on the pending discovery dispute. (Dkt. 53.) The Court issued its order the following day, on July 17, 2020, regarding the dispute holding, in pertinent part, that TMS did not have an obligation to obtain documents and information from its agents. (Dkt. 54.)

11. Since the hearing, the Parties have informally resolved numerous disputes between themselves.

12. As a result of the Court's decision, Plaintiff was required to issue additional subpoenas to obtain information from TMS's agents.

13. On July 2, 2020, Plaintiff issued a subpoena directed to Quality Merchant Services, Inc., which was later withdrawn.

14. On July 17, 2020, Plaintiff issued a subpoena to produce documents on Christopher Judy, an agent of TMS that Plaintiff identified as placing some of the calls to Plaintiff. Following discussions with Mr. Judy and his counsel wherein Judy indicated he needed additional time to respond, Plaintiff agreed to extend the deadline for Mr. Judy to produce documents until September 11, 2020. Mr. Judy's document production identified Leutrim Ismajli

d/b/a Purple Advertising Agency ("Purple Advertising"), a third-party marketer, as the individual who placed the calls to Plaintiff on behalf of Mr. Judy and TMS. Purple Advertising is located in Prishtine, Kosovo and no longer maintains a relationship with Mr. Judy. This creates further difficulties for Plaintiff to locate all necessary information. Plaintiff also served a subpoena to testify at a deposition on Mr. Judy on August 14, 2020. Counsel for Plaintiff is currently working to obtain dates of availability from Mr. Judy for a deposition.

15. Throughout the discovery process, Plaintiff has also worked to effectuate subpoenas directed to Triumph Merchant Solutions, LLC ("Triumph"). Plaintiff identified Triumph as one of the entities which placed some of the calls at issue in this case. TMS has asserted that any calls related to Triumph would have been placed by Triumph and not by TMS itself, and therefore all of the relevant call records regarding calls placed by Triumph are within Triumph's possession.

16. On February 4, 2020, Plaintiff issued a Subpoena to Testify at a Deposition in a Civil Action and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Triumph Subpoenas"). The Triumph Subpoenas were served on Triumph on February 13, 2020. Despite repeated attempts to communicate with Triumph regarding the subpoenas, Triumph simply refused to respond to the subpoenas in any manner.

17. As a result of Triumph's failure to comply with the subpoenas, Plaintiff filed a subpoena enforcement action in the Southern District of California. *See Abante Rooter and Plumbing, Inc. v. Triumph Merchant Solutions, LLC*, Case No. 3:20-cv-00754-JAH-BLM (S.D. Cal. filed April 21, 2020). Triumph ignored the subpoena enforcement action as well. (*See id.*)

18. On June 18, 2020, the Southern District of California issued an Order Compelling Compliance with the Triumph Subpoenas. (*Id.*, Dkt. 10.) The Court Ordered Triumph to produce all responsive documents within its possession within two weeks of being served with a copy of the Order. (*Id.* at pg. 6.) Further, the Court Ordered Triumph to contact Plaintiff's counsel within two weeks of being served with a copy of the Order to schedule a deposition. (*Id.*)

Declaration of Taylor T. Smith
Motion for Extension Of All
Remaining Deadlines

4

19. That same day, on June 18, 2020, Plaintiff served a copy of the Order on Triumph. Triumph's counsel, Brandon M. Smith, reached out to Plaintiff's counsel regarding the Order compelling compliance shortly thereafter. Counsel for Triumph and Plaintiff had several conversations regarding its production of responsive documents.

20. On July 2, 2020, Triumph's counsel provided Plaintiff with additional information—including: (a) that it only placed calls on behalf of TMS during the subject time period, (b) that it utilized a Vicidial dialing system, and (c) that it obtained the lead information from InfoFree. Triumph's counsel also sought guidance regarding how it should produce the call logs. Triumph then represented that it would produce the call records by Tuesday, July 14, 2020.

21. Based on the information provided, Plaintiff issued a subpoena to produce documents and to inspect the subject dialing system directed to Fextel, Inc. d/b/a Vicidial ("Vicidial"). Upon receiving the subpoena, Vicidial reached out to Plaintiff's counsel. Vicidial has represented that it is not in possession of any of Triumph's calling records or the dialing system.

22. On July 15, 2020, having not received any document production, Plaintiff's counsel sought an explanation as to why no documents had been produced. The next day, Triumph's counsel responded stating that Triumph was unable to locate its agreement with TMS to confirm when it began placing calls on its behalf. Plaintiff immediately provided the necessary information to Triumph to ascertain the confines of its relationship with TMS.

23. After receiving the contract, Triumph's counsel stated that his client was exporting the information. Triumph then became nonresponsive. Plaintiff's counsel continued to attempt to communicate with Triumph regarding the production, including sending emails and placing calls that went unreturned. At this time, Plaintiff began to weigh the possibility of filing for a motion for contempt or for an order to show cause.

24. On July 28, 2020, Triumph produced its document production comprised of 10,913 pages of calling records. Rather than produce the records in native format, they were produced in .pdf format. This made it nearly impossible to meaningfully review the records. Further, Triumph

DECLARATION OF TAYLOR T. SMITH
MOTION FOR EXTENSION OF ALL
REMAINING DEADLINES

5

still had not provided dates of availability for a deposition. Plaintiff's counsel has repeatedly attempted to follow up with Triumph's counsel regarding receiving the complete production and scheduling a deposition.

25. On August 3, 2020, Triumph's counsel agreed to produce the remaining documents—including the call records in native format—and to provide dates for both an inspection of its dialer and a deposition. Despite numerous follow-up attempts, Triumph again became non-responsive. At this time, Plaintiff began preparing a motion for contempt/sanctions to be filed against Triumph.

26. On August 25, 2020, Triumph finally produced its calling records in its native format and provided dates for an inspection of its dialing equipment and deposition, both of which have been scheduled for September 24, 2020 and September 25, 2020 respectively. Unfortunately, Triumph's native format calling records appear to be incomplete. The records include only calls placed in 2018, which conflicts with the .pdf format calling records that span from 2018 through 2020. Plaintiff's counsel is currently working to obtain the remaining records from Triumph.

27. Also on August 25, 2020, and for the first time, Triumph identified "Pound Team" as the third-party that supposedly built and hosts the server that operates its dialing system. Triumph has represented that server is located in Tijuana, Mexico.

28. Plaintiff's counsel identified "Pound Team" as PoundTeam, Inc., a Florida corporation. On September 2, 2020, Plaintiff issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to PoundTeam, Inc.

29. Around this time, during a follow-up conversation, Vicidial confirmed that the information should be in the possession of PoundTeam, an entity that is familiar with.

30. On August 24, 2020, Plaintiff served its Notice of Rule 30(b)(6) Deposition on Defendant TMS. The parties have not yet agreed to a date for the deposition however it is likely to take place in early-November.

31. Plaintiff has also not been deposed in this litigation.

32. On August 31, 2020, Plaintiff also served a third set of discovery requests on TMS. TMS's deadline to respond is September 30, 2020.

33. Plaintiff also anticipates the need for expert discovery related to class certification. Here, an expert is necessary to review the Triumph calling records to identify the individual calls that were placed to cellphones and those that were directed to landline telephone numbers. Further, an expert may be necessary to opine as to the ascertainability of individual class members.

34. As such, the inability to meet current deadlines in the case management order isn't for any lack of due diligence on Plaintiff's part in pursuing the case. Just the opposite is true: Plaintiff and counsel have been diligently pursuing the necessary information upon which the Court will be able to fairly and accurately adjudicate the issue of class certification.

35. Plaintiff's counsel seeks the extension requested in good faith and believes that the additional time will allow the Parties to gather the required materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 14, 2020, in Denver, Colorado.

By:    _/s/ Taylor T. Smith._

    Taylor T. Smith*
      tsmith@woodrowpeluso.com
    **WOODROW & PELUSO, LLC**
    3900 East Mexico Avenue, Suite 300
    Denver, Colorado 80210
    Telephone: (720) 907-7628
    Facsimile: (303) 927-0809