1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,

Plaintiff,

v.

TOTAL MERCHANT SERVICES, LLC, a Delaware limited liability company,

Defendant.

Case No. 3:19-cv-05711-EMC

**JOINT CASE MANAGEMENT STATEMENT**

        Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Abante") and Defendant Total Merchant Services, LLC ("Defendant" or "TMS") (collectively Plaintiff and Defendant are referred to as the "Parties") submit this Joint Case Management Statement in accordance with the Court's September 25, 2020 Order (dkt. 63).

**1.     Settlement**

        On October 13, 2020, the Parties participated in a second mediation session overseen by the Hon. Edward A. Infante (Ret.) of JAMS. Following several hours of negotiations, the parties were unable to reach an agreement and, thus, the matter continues in this Court.

**2.     Discovery Status**

        <u>Plaintiff's Statement</u>: At the close of the first mediation session Defendant asked to

continue several depositions. Now that the mediation has concluded without success Plaintiff is currently working to finalize the re-scheduling of those depositions, including the Rule 30(b)(6) examination of TMS and the depositions of Triumph Merchant Solutions, LLC, and Christopher Judy. These depositions are being scheduled to occur over the next 60 days. Plaintiff also served a subpoena on PoundTeam Incorporated ("PoundTeam") and is working to enforce it.

Additionally, Plaintiff is engaging experts related to class certification. Experts may be needed in this case to analyze data received from Triumph and other parties to determine which calls were placed to cellphones as opposed to landline telephone numbers as well as to testify regarding the dialing equipment that was used to make the calls. In light of the remaining discovery that needs to be completed, Plaintiff requests that the Court set an expert disclosure deadline of December 22, 2020, which reflects a date two-months prior to the completion of all discovery.

The Court should decline TMS' invitation to declare the expert disclosure deadline passed. On January 14, 2020, the Court entered its initial scheduling order, setting an expert disclosure deadline of June 25, 2020 and a discovery cut-off of August 28, 2020. (Dkt. 37.) On June 26, 2020, the Court extended the discovery cut-off to November 27, 2020, but did not address the expert disclosure deadline. (*See* Dkt. 50.) On September 15, 2020, the Court further extended the discovery cut-off date to February 26, 2021. (*See* Dkt. 59.) Though the expert disclosure deadline was not addressed in either the June 26, 2020 or the February 26, 2021 Orders, the Court should find that the expert disclosure deadline should be extended in lock-step with the discovery cut-off extensions. It was originally set two-months before the cut-off date, and it should be extended as the cut-off date is extended.

Plaintiff also opposes Defendant's Motion to Stay. As will be explained more fully in Plaintiff's forthcoming Response in Opposition, such a stay would be unfairly prejudicial to Plaintiff. The *Facebook* case is set for the October 2020 Term, which won't end until June 2021. Thus, staying the case pending the Supreme Court's ruling in *Facebook* could mean that the case will be stayed for approximately eight (8) months. No matter what the Supreme Court does in

*Facebook*, the Parties will still be required to complete the discovery regarding the dialing equipment at issue in this case. That is, even if the definition of an ATDS is somehow changed by the Supreme Court, there will still be a factual dispute regarding whether the equipment at issue satisfies the hypothetical new definition. Thus, discovery issues will not be mooted and resources will not ultimately be spared no matter what the Supreme Court decides in *Facebook*—considerations of judicial economy therefore do not favor a stay.

Moreover, though it is difficult to predict what the Supreme Court will do in the *Facebook* case, the *AAPC* decision stated "[t]he continuing robocall restriction proscribes *tens of millions* of would-be robocalls that would otherwise occur *every day*. Congress's continuing broad prohibition of robocalls amply demonstrates Congress's continuing interest in consumer privacy." *AAPC*, 2020 WL 3633780, at *7. Thus, it is difficult to imagine that the Supreme Court will turn around in the very next term, reject the Ninth Circuit's ATDS analysis, and reach a conclusion that guts the ATDS restriction by narrowing the ATDS definition. There is simply no reason to stay this case pending *Facebook*.

<u>Defendant's Statement:</u> Because TMS was provided additional third-party discovery during the first mediation overseen by the Hon. Edward A. Infante (Ret.), the parties adjourned to October 13, 2020. In so doing, the parties agreed not to schedule certain depositions that were noticed, but not yet confirmed. On October 13, 2020, the parties attended a second mediation session. The parties were unable to reach a resolution.

As set forth more fully set forth in its Motion to Stay (Dkt. No. 64), TMS believes the Court should exercise its inherent power and stay this action pending the United States Supreme Court's anticipated decision in *Facebook, Inc. v. Duguid*, Case No. 19-511 that directly impacts the central issue of this case: whether Plaintiff and members of the putative class were called by TMS via an "Automatic Telephone Dialing System" ("ATDS") under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Particularly in light of the resources that would otherwise be expended in light of the significant discovery that remains in this action as set forth in Plaintiff's

position statement—discovery that may soon be rendered moot or, at bottom, greatly narrowed.. Indeed, Plaintiff takes the illogical position that the parties should expend resources now and engage in discovery concerning what Plaintiff describes to be a "hypothetical new definition" of an ATDS that may result from a decision in *Duguid II*. But this is precisely the point—the parties and the Court, whom Plaintiff neglects to even mention, should conserve their resources for a limited duration in order to permit the Supreme Court to dispense of "hypotheticals" and provide clarity on an issue central to this case.

Should the Court deny the Motion to Stay filed by TMS, TMS (1) anticipates, at a minimum, the need to depose Plaintiff, Christopher Judy, and a Rule 30(b)(6) witness of Triumph Merchant Solutions, LLC, and (2) intends to engage in motion practice to limit the scope of the subpoena issued by Plaintiff to PoundTeam, if such action proves necessary following conferral efforts.[1] TMS would also need to attend the inspection of PoundTeam's property as sought by Plaintiff and, depending on PoundTeam's response to the subpoena issued by Plaintiff, TMS may also need to depose, at a minimum, a Rule 30(b)(6) witness of PoundTeam.

As it relates to Plaintiff's statement that it is just now "engaging experts," that expense should not and need not be incurred both due to the rationale set forth in the Motion to Stay as well as the fact the deadline for expert disclosure has already passed. *See* Joint Scheduling Order (Dkt. No. 37). It was June 25, 2020. *See id.* While the Court extended certain deadlines in this case on two (2) previous occasions, including "all remaining discovery deadlines" as sought by Plaintiff (Dkt. No. 57), it did not extend the expert deadline. *See* Amended Scheduling Order (Dkt. No. 50) and Order Granting Motion for Extension of all Remaining Discovery Deadlines

---

[1] The subpoena issued to PoundTeam seeks irrelevant documents and information relating to Plaintiff's DNC claim. Plaintiff is a business. As such, it lacks standing to pursue a DNC claim which deprives this Court of subject matter jurisdiction over such claim. *See, e.g. In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 at ¶ 37 (2003) ("The national do-not-call rules will also not prohibit calls to businesses"); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 20 FCC Rcd. 3788, ¶ 14 (2005) ("To the extent that some business numbers have been inadvertently registered on the national registry, calls made to such numbers will not be considered violations of our rules").

4

1  (Dkt. No. 59). Nor did Plaintiff seek such an extension. TMS reserves argument on this issue

2  pending any motion Plaintiff may seek to file in an attempt to belatedly extend the expert

3  disclosure deadline as the arguments raised by Plaintiff herein do not establish the requisite good

4  cause necessary to extend a missed deadline to even merit this Court's consideration in the first

5  instance. *See Greenlight Systems, LLC v. Breckenfelder*, No. 19-cv-06658-EMC, 2020 WL

6  5910067, at *5 (N.D. Cal. Oct. 6, 2020) (denying request to extend case management dates where

7  "no reason for [such] request" was offered, "let alone any evidence that they have been diligently

8  pursuing their rights in this lawsuit. No good cause has been shown.").

9

10

11  Dated: 10/15/2020           /s/  Patrick H. Peluso
                                Counsel for Plaintiff
12
                                Richard T. Drury (SBN: 163559)
13                              Rebecca Davis (SBN 271662)
                                Lozeau Drury LLP
14                              410 12th Street, Suite 250
                                Oakland, CA 94607
15                              Tel: 510-836-4200
                                Richard@lozeaudrury.com
16                              Rebecca@lozeaudrury.com

17
                                Steven L. Woodrow (*pro hac vice*)
18                              Patrick H. Peluso (*pro hac vice*)
                                Taylor T. Smith (*pro hac vice*)
19                              Woodrow & Peluso, LLC
                                3900 East Mexico Ave., Suite 300
20                              Denver, Colorado 90210
                                Tel: 720-213-0675
21                              swoodrow@woodrwopeluso.com
                                ppeluso@woodrowpeluso.com
22                              tsmith@woodrowpeluso.com

23

24

25

26  Dated:  10/15/2020          /s/ Lawren A. Zann
                                Counsel for Defendant
27
                                Beth-Ann E. Krimsky (*pro hac vice admission*)
28

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lawren A. Zann (*pro hac vice admission*)
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: 954.527.2427
Fax: 954.333.4027
beth-ann.krimsky@gmlaw.com
lawren.zann@gmlaw.com

## SIGNATURE CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained authorization to affix his or her electronic signature to this document.

By:     s/ Patrick H. Peluso
        Patrick H. Peluso

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on October 15, 2020.

/s/ Patrick H. Peluso