Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Alleged Classes*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL MERCHANT SERVICES, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:19-cv-05711-EMC<br><br>**UNOPPOSED MOTION FOR EXTENSION OF ALL REMAINING DEADLINES**<br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5<br>Complaint Filed: September 11, 2019 |

Pursuant to Local Civil Rule 6-3, Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Abante") respectfully requests that the Court issue an Order extending all remaining deadlines by two (2) months. In support of the instant motion, Plaintiff states as follows:

1. Plaintiff's counsel conferred with counsel for Defendant Total Merchant Services, LLC ("Defendant" or "TMS") regarding the request for an extension. TMS does not oppose the requested extension. (*See* Declaration of Taylor T. Smith ("Smith Decl."), a true and accurate copy of which is attached hereto as Exhibit A.)

2. Just over one year ago, on September 11, 2019, Plaintiff filed the instant action against Defendant alleging wide-scale violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). (Dkt. 1.)

3. To date, Plaintiff has diligently worked to gather the information needed to litigate this case through class certification. Both parties have served and responded to numerous sets of

discovery requests. Plaintiff has also worked to effectuate numerous subpoenas.

4. During the October 22, 2020 Case Management Conference, the Court limited the remaining discovery to narrowly tailored written discovery, the depositions of Plaintiff, Defendant, Christopher Judy ("Judy"), and Triumph Merchant Solutions, LLC ("Triumph"), and the inspection of Triumph's dialing system. Presently, the following deadlines remain:

    a. Expert Disclosure Deadline: January 11, 2021;
    b. Deadline to Complete Discovery: February 26, 2021;
    c. Plaintiff's Motion for Class Certification: February 11, 2021;
    d. Defendant's Opposition to Class Certification: March 11, 2021;
    e. Plaintiff's Reply in support of Class Certification: March 18, 2021; and
    f. Hearing on Motion for Class Certification and Further Case Management Conference: April 15, 2021, at 1:30 p.m.

(Smith Decl. ¶ 5.)

5. Following the conference, counsel for Plaintiff, Defendant, Triumph, and Judy worked to schedule the remaining depositions as well as the inspection of Triumph's dialing system. (*Id.* ¶ 6.)

6. After conferring with Judy's counsel, Plaintiff and TMS agreed to schedule Judy's deposition to commence on December 8, 2020. (*Id.* ¶ 7.) However, Judy's counsel informed Plaintiff on December 1, 2020, that Judy is no longer available on December 8, 2020 and requested to reschedule his deposition until late-December 2020 or early-January 2021. (*Id.*) Plaintiff's counsel is conferring with TMS's counsel regarding available dates for Judy's deposition. (*Id.*)

7. Additionally, after conferring with Triumph's counsel and TMS's counsel, Triumph's deposition was scheduled for December 10, 2020. (*Id.* ¶ 8.) The Parties agreed that an inspection of Triumph's dialing system would occur after the deposition. (*Id.*)

8. The Parties also agreed to schedule the 30(b)(6) depositions of Plaintiff and Defendant to occur after Triumph's and Judy's depositions in January 2021. (*Id.* ¶ 9.)

9. Unfortunately, on December 2, 2020, Triumph's counsel informed Plaintiff that he

has tested positive for the coronavirus. (*Id.* ¶ 10.) As a result, Triumph's counsel stated that the Triumph deposition and subsequent inspection of Triumph's dialing system would need to be postponed. (*Id.*) Triumph's counsel will provide available dates for a deposition after his recovery. (*Id.*)

10. In light of Triumph's counsel's diagnosis, it is unlikely that Plaintiff can complete Triumph's deposition and inspection prior to the expert disclosure deadline of January 11, 2021—both of which are necessary for Plaintiff's expert to formulate an opinion and produce a report.

11. Added to this, PoundTeam, Inc. ("PoundTeam"), which was served with a subpoena to produce documents and to permit inspection of Triumph's dialing system, has failed to respond to Plaintiff's subpoena. (*Id.* ¶ 11.) Plaintiff is preparing to file a subpoena enforcement action in the Middle District of Florida. (*Id.*) Plaintiff expects to file the enforcement action within the coming week. (*Id.*) This will also undoubtably delay any inspection of the dialing system within PoundTeam's possession.

12. Consequently, Plaintiff respectfully requests that the Court enter an Order extending all remaining deadlines by two months. The parties jointly agree to the following schedule, which includes separate expert disclosure deadlines:

   a. Plaintiff's Expert Disclosure Deadline: March 8, 2021;
   b. Defendant's Expert Disclosure Deadline: March 22, 2021;
   c. Deadline to Complete Discovery: April 30, 2021;
   d. Plaintiff's Motion for Class Certification: April 12, 2021;
   e. Defendant's Opposition to Class Certification: May 10, 2021;
   f. Plaintiff's Reply in support of Class Certification: May 17, 2021; and
   g. Hearing on Motion for Class Certification and Further Case Management Conference: June 10, 2021, at 1:30 p.m.

(*Id.* ¶ 13.)

13. In short, a brief two (2) month extension of the remaining deadlines is necessary to permit the parties adequate time to reschedule the remaining depositions and inspections. The current delay hasn't been caused by Plaintiff's failure to diligently prosecute the case. Instead,

Triumph's counsel's unforeseen diagnosis has unfortunately delayed the current schedule. A brief extension will permit the parties sufficient time to reschedule the depositions and inspection as well as to enforce the PoundTeam subpoena.

     WHEREFORE, Plaintiff respectfully requests that the Court issue an Order extending all remaining deadlines by two (2) months.

Respectfully submitted,

Dated: December 7, 2020

**ABANTE ROOTER AND PLUMBING, INC.**, individually and on behalf of all others similarly situated,

By: /s/ Taylor T. Smith
     One of Plaintiff's Attorneys

Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Steven L. Woodrow (*admitted pro hac vice*)
swoodrow@woodrowpeluso.com
Patrick H. Peluso (*admitted pro hac vice*)
ppeluso@woodrowpeluso.com
Taylor T. Smith (*admitted pro hac vice*)
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: 720-907-7628

Attorneys for Plaintiff and the Classes

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via Court's ECF system on December 7, 2020.

/s/ Taylor T. Smith